Marion C. COBB and Ruth C. Adkins,
Plaintiffs-Appellants,

v.

R. W. BEASLEY CONSTRUCTION CO.,
a corporation, Defendant-Respondent.

No. 9971.

Missouri Court of Appeals,
Springfield District.

April 28, 1976.

L. D. Joslyn and Jeffrey C. Vaughan, Charleston, for plaintiffs-appellants.

Richard G. Steele, Finch, Bradshaw, Strom & Steele, Cape Girardeau, for defendant-respondent.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

This is an action for damages. Plaintiffs are the owners of a bridge which, their petition claimed, was negligently damaged by the defendant. A jury found for the defendant and judgment was entered on the verdict. Plaintiffs appeal.

■ Plaintiffs' sole point on appeal is that the trial court committed error in refusing to permit plaintiffs' expert witness to state his opinion as to the cause of the damage to the bridge.

Dispositive of this appeal, and fatal to plaintiffs' position, was the failure of plaintiffs' counsel to make an offer of proof showing that the expert had an opinion, its content, and the fact that it was favorable to plaintiffs.

Plaintiffs sought to qualify B. J. Gerhardt as their expert witness. Defendant's brief attacks Gerhardt's qualifications as an expert but that issue need not be examined. After Gerhardt had given testimony touching his qualifications, plaintiffs' counsel asked him a lengthy question, hypothesizing certain facts and culminating in this inquiry: "Do you have an opinion, based on these exhibits, including Exhibit No. 5[1] what caused the damage and what caused the wing wall to be pulled out about 70 degrees from its original position?" Defendant's counsel objected to the question "as not fairly and accurately setting forth the facts of the case." The court sustained that objection. Counsel for plaintiffs then hypothesized certain additional facts. Defendant's counsel then objected "for the reason he has not qualified Mr. Gerhardt as a type of person who can arrive at a decision like that." That objection was sustained. Plaintiffs made no offer of proof at that time.

The court recessed for lunch. Thereafter no offer of proof was made.

"An objection to the exclusion of testimony cannot be considered on appeal in the absence of a showing of what the testimony would have been and that it was relevant and material. . . . [R]eversible error cannot be predicated on the exclusion of a proper question where there is no offer of proof that the answer would have been in favor of the complaining party." *Thayer v. Sommer*, 356 S.W.2d 72, 80[11, 12] (Mo. 1963). To similar effect see *Hays v. Western Auto Supply Company*, 405 S.W.2d 877, 881[1] (Mo.1966); *Moore v. Parks*, 458 S.W.2d 344, 348[6] (Mo.1970); *State v. Britt*, 504 S.W.2d 38, 42[5] (Mo.1973); *Brooks v. Travelers Ins. Co.*, 515 S.W.2d 821, 823[1] (Mo.App.1974).

Plaintiffs seek to excuse their failure to make an offer of proof by relying on language in *Miller v. Kamo Elec. Coop., Inc.*, 351 S.W.2d 38, 43 (Mo.App.1962) to this effect: "[A]n offer of proof is not necessary, in order to preserve an objection to a ruling of exclusion for review, where the offer of proof would be a useless gesture by virtue of the attitude of the trial court . . . ."

1. Exhibit 5 has not been filed with this court nor has it been incorporated in the transcript. See Rule 81.15.

In support of this line of argument, plaintiffs' brief, after making reference to the recessing for lunch, states "off the record, the court then informed plaintiffs' counsel that this type of opinion was not a proper subject for expert testimony."

This court has neither the power nor the inclination to permit the disposition of this appeal to be governed by alleged happenings "off the record." A judgment is not so porous and a successful attack upon it requires a worthier foundation.

Finally plaintiffs say that their failure to make an offer of proof should be forgiven under the "plain error rule," Rule 84.13(c). However, any error, far from being plain, is rendered speculative by reason of plaintiffs' failure to make the offer of proof. The review of the transcript does not justify a finding by this court "that manifest injustice or miscarriage of justice has resulted." Without such a finding, Rule 84.13(c) is of no avail to plaintiffs.

The judgment is affirmed.

All concur.