**Tsutomu KAMADA, M.D.,
Plaintiff-Respondent,**

**v.**

**RX GROUP LIMITED, A Corporation,
Defendant-Appellant.**

**No. 44365.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 20, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Application to Transfer Denied
Oct. 18, 1982.

Keith W. Hazelwood, St. Charles, for defendant-appellant.

Rollin J. Moerschel, St. Charles, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal by the lessee from a judgment for back rent of $12,350 in an action on a lease. Appellant claims the lease was invalid and unenforceable because the rent term was vague. In addition, appellant charges the modifications to the rent term were void as against the Statute of Frauds, § 432.010 RSMo. 1978. Appellant also contends respondent failed to mitigate damages by making reasonable efforts to relet the space and therefore should be precluded from full recovery. The judgment is affirmed.

Respondent Kamada owns the O'Fallon Medical Center, a medical office building in O'Fallon, Missouri. On April 24, 1979 the parties entered into an agreement which purported to be a 5 year lease in which appellant agreed to rent 1,450 square feet of space in respondent's building for the purpose of operating a pharmacy. The lease was to commence as soon as appellant took possession of the premises.

At the time the parties signed the document, the rent term provided for rent of "$500 or 3% of the gross sales, whichever is greater, per month." A few days after the signing, respondent brought an additional page to Richard Hoffman, appellant's agent, which read, "The Lessees shall pay the Lessor the profit as agreed at 50–50 at the end of each month, and the books of the Lessees would be open for inspection on request of the Lessor." The respondent and Laura Anglin, also appellant's agent, both signed this separate sheet and added it to the original document.

At the time the second sheet was signed, respondent talked to Richard Hoffman about the rent term in the original agreement. Appellant told Hoffman that the $500 was the wrong amount based on the square footage. Hoffman recomputed the rent. One of the two men crossed out the $500 and wrote in $550. Respondent then recomputed the rent and showed Hoffman that the correct figure was $650. The first "5" in the "$550" was written over and changed to a "6." Hoffman and respondent both initialled the change. Respondent

could not remember whether the initialling occurred before or after the "5" was changed to a "6." Respondent testified that Hoffman agreed that the correct amount was $650. No changes were made to the "3 percent of gross sales, whichever is greater" clause.

Appellant took possession of the premises on May 21, 1979. Appellant made two monthly payments of $650. The third month appellant sent respondent a check for $550. Respondent did not accept the check. In September, 1979 appellant vacated the premises and paid no more rent.

From the time appellant left until the trial, respondent put "for rent" ads in each edition of Metropolitan St. Louis Medicine, the official magazine of the St. Louis Metropolitan Medical Society. Respondent also put up a large "for rent" sign at the building. Respondent did not, however, consult a real estate agent.

The trial court, in its findings of fact and conclusions of law, found a valid lease calling for $650 per month or 3 percent of the gross sales, whichever is greater. The court found that no profits were ever made and that 3 percent of gross sales never equalled $650. The trial court further found that respondent took reasonable steps to relet the space.

Appellant first claims that the lease is unenforceable because the price term was vague. The point is ruled against appellant.

■ A lease is both a conveyance and a contract. *King v. Moorehead,* 495 S.W.2d 65, 70 (Mo.App.1973); *Thomas v. Roth,* 157 S.W.2d 250, 251[1–4] (Mo.App.1942); 3A Corbin on Contracts § 686 (1960). A lease which lasts longer than one year, as here, is subject to the Statute of Frauds. § 432.010 RSMo. 1978. Actions for breach of covenants in leases are generally governed by contract principles. 49 Am.Jur.2d, Landlord and Tenant § 176 (1970). To maintain an action on a lease, particularly a lease subject to the Statute of Frauds, the rent term must be certain enough to be readily ascertainable. *Burger v. City of Spring-*

*field,* 323 S.W.2d 777, 783[2–5] (Mo.1959); Restatement 2d of Property § 2.2 (1977).

■ Neither the original rent term nor the subsequent modifications of the term, however, are at all vague. The original document stated "$500 or 3% of gross sales whichever is greater." The subsequent modification changed the $500 term to $650 and added a term stating that profits would be split 50–50. The resulting rent term provided for rent of $650 or 3 percent of the gross sales, whichever is greater, per month, plus 50 percent of the profits.

■ Appellant claims an inconsistency exists between the gross sales term and the added profit sharing term. When more than one instrument makes up a contract, the instrument must be construed together and contradictions must be harmonized if reasonably possible. *Elliot v. Richter,* 496 S.W.2d 860, 864[2, 3] (Mo.1973). The reasonable interpretation is that the lease called for a percentage of gross sales plus a percentage of profits. There is no inconsistency in such terms. The point is ruled against appellant.

■ Appellant next claims that even if the modifications are not vague, they are unenforceable because they fail to meet the requirements of the Statute of Frauds. Modifications of agreements within the statute also must conform to the requirements of the statute. *Pratt v. Schreiber,* 213 Mo.App. 268, 249 S.W.2d 449, 451[2–4] (1923); Restatement 2d of Property, § 2.2 (1977). In order for the changes to be enforceable, therefore, the changes must have been in writing and must have been signed by the party to be charged. § 432.-010 RSMo. 1978.

■ Appellant claims the changes of $500 to $550 and then $650 failed to meet the requirements of the statute. Appellant's brief, however, is not at all clear on why the modification failed to meet the statute. The changes were in writing. Appellant's claim could be that the party to be charged had not signed. However, Hoffman's initials sufficiently met the signature requirement of the statute. *Great Western Print-*

*ing Co. v. Belcher,* 127 Mo.App. 133, 104 S.W. 894, 895 (1907); 2 Corbin on Contracts § 522 (1960).

Appellants only other theory on the Statute of Frauds could be that respondent failed to show that the initialling authorized the changing of the rent figure from $500 to $550 or from $550 to $650. The evidence supported the finding that the changing of the rent figure from $500 to $550 to $650 was one set of contemporaneous negotiations by the parties for the purpose of correcting an error in the original lease. The actions of the parties represented one modification, not two separate modifications requiring two separate signatures. The one signing was sufficient for the statute. The point is ruled against appellant.

█ Finally appellant asserts respondent failed to take adequate steps to mitigate damages. Appellant argues that had respondent taken the reasonable step of engaging a real estate agent he could have relet the space, thus mitigating its damage. The point is ruled against appellant.

Appellant presents no case law establishing that a lessor has not reasonably attempted to mitigate his damage unless he enlists the aid of a real estate agent. Second, appellant presented no evidence to show that enlisting the aid of a real estate agent would have resulted in finding a new tenant. Respondent advertised in a medical magazine because he was looking for medical tenants.

█ It is clear that in assessing damages for breach of a lease, the court must limit the damages to the amount that the landlord would have incurred had the landlord made a reasonable effort to relet the property. *In re Estate of Lewis,* 492 S.W.2d 385, 387[5] (Mo.App.1973). The trial court found that respondent had taken sufficient steps to relet the space. This court cannot say such findings were against the weight of the evidence or not supported by substantial evidence. *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.