The **ROUSE COMPANY OF MISSOURI, INC.,** Plaintiff/Appellant,

v.

**BOSTON SEAFOOD OF ST. LOUIS, INC.,** Defendant/Respondent.

No. 65985.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 7, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 14, 1995.

---

Charles A. Weiss, Douglas W. King, and Robert G. Lancaster, Bryan Cave, St. Louis, for appellant.

Robert J. Selsor and Anne E. Billings, Suelthaus & Kaplan, St. Louis, for respondent.

SMITH, Presiding Judge.

Plaintiff appeals from a judgment based upon a jury verdict in favor of defendant in plaintiff's rent and possession suit. Although raising one issue requesting a new trial, plaintiff's main issue on appeal is the trial court's refusal to sustain its motions for directed verdict and for judgment notwithstanding the verdict. We reverse.

In 1985 plaintiff, the Rouse Company, leased space in Union Station to defendant, Boston Seafood, for use as a restaurant for a fifteen year term. The lease called for the defendant to pay rent at a fixed amount for three years then provided for "step-ups" in the rent thereafter. In 1991, pursuant to one of the step-ups, the rent increased from approximately $10,000 per month to approximately $18,500 per month. Defendant was unable to pay the higher rent and fell into default. Plaintiff filed suit against defendant for rent and possession on November 4, 1991.

The parties entered into negotiations for a reduced rate. From October 1992 through September 1993, plaintiff billed defendant $5000 less than the amount due under the lease and defendant paid this lower amount. Plaintiff's evidence was that this lesser amount was a rent deferral to be paid later in the lease term. Defendant's evidence was that an agreement was reached that defendant would execute a note for past due rent to be paid later in the lease term and that for a two year period from the fall of 1992 through September 1994 defendant would pay $5000 less than the amount provided in the lease and that reduction would not have to be repaid. No written amendment of the lease was executed by the parties.

Plaintiff contends that defendant owed $161,013.71 at the time of trial for unpaid rent, interest and attorneys fees. It moved for a directed verdict at the close of its case and at the close of all the evidence and for judgment notwithstanding the verdict after trial. All motions were denied.

There is no dispute that there was a written lease between the parties and that defendant had not paid in full the rent provided in that lease. That establishes a *prima facie* case for recovery by plaintiff. Defendant contends that the parties orally agreed to a reduction of rent. Plaintiff contends that any oral modification is unenforceable because it violates the Statute of Frauds.

Sec. 432.010 RSMo 1986 is the statute of frauds and provides in pertinent part:

"No action shall be brought to charge ... any person ... upon any contract made for the sale of lands, tenements, hereditaments, or an interest in or concerning them, or any lease thereof, for a longer time than one year ... unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized ..."

The lease involved here is clearly within the statute. *Kamada v. RX Group Limited,* 639 S.W.2d 146 (Mo.App.1982) [1–4]. Subsequent oral variations or amendments of a written contract within the statute of frauds will support neither an action nor a

defense to an action. *Warren v. A.B. Mayer Mfg. Co.,* 161 Mo. 112, 61 S.W. 644 (1901) l.c. 647; *Rucker v. Harrington,* 52 Mo.App. 481 (1893). If the contract falls within the statute the court must consider whether there is a writing sufficient to satisfy the statute before it allows proof of the existence and terms of an oral contract. *Vess Beverages, Inc. v. Paddington Corporation,* 941 F.2d 651 (8th Cir.1991) [10, 11 fn. 6]; *Howard Construction Company v. Jeff-Cole Quarries, Inc.,* 669 S.W.2d 221 (Mo.App.1984) [18–21]. Testimony of the terms of an oral contract cannot be utilized to complete the writing contemplated by the statute; the writing must itself contain all the essential elements of the contract. *Id.*

■ The documents relied upon by the defendant to establish the requisite writing do not contain all the essential elements of the contract. The invoices reflect that for a period of time the defendant was billed less than the contractual amount. But the invoices do not contain any time frame for such reduced amounts, whether such lower charges were a reduction of the rent or a deferral of the rent, and what if any consideration was provided for the lesser charges. Statements of total rent payments in arrears showing a drop in the arrearages roughly commensurate with the lower rent charges again do not establish the elements of any amendment to the written lease. Any modification of the amount of rent to be paid on a lease should state the duration and starting point of the change. *See Pfeiffenberger v. Scott's Cleaning Co.,* 144 S.W.2d 183 (Mo. App.1940) [3, 4]. An internal memorandum on plaintiff's books stated "Lawsuit filed against tenant. Settled out of court for a lump sum payment and the balance will be put on a note starting in January, 1993. Paper work is in the process of being done." [1] This again does not state the elements of the agreement, what the lump sum is, or the amount of the note. Further, it is inconsistent both with the invoices and defendant's version of the oral agreement. Throughout the billing periods reflected by the invoices and the arrearage advices and the internal memorandum this lawsuit was pending indicating an absence of any agreement resolving the amount of rent owing. At most the documents relied upon by the defendant created an inference that the parties were attempting to resolve the lease payments problem but they do not constitute a writing establishing the terms of an agreement. *Howard Construction Company, supra* at [20, 21]. The evidence did not establish a writing sufficient under the statute of frauds to amend the lease.

■ Defendant also contends that the evidence established an accord and satisfaction. Without reaching the question of whether an accord and satisfaction of an agreement covered by the statute of frauds must also meet the statutory requirement of a writing there are two reasons why this defense fails. First, it was not preserved because the defendant submitted no instruction of this affirmative defense to the jury. That failure waives the defense. *Shepard v. Harris,* 329 S.W.2d 1 (Mo. banc 1959) [6, 7]. Second, by defendant's evidence the alleged accord also required execution of a note or notes by defendant for rent already in arrears at the time of the alleged agreement. No note was executed. If there was an accord there was no satisfaction. Both are required. *Western Military Academy v. Viviano,* 235 Mo.App. 301, 133 S.W.2d 1098 (1939) [1–5]; *Loeb v. Viviano,* 202 S.W.2d 528 (Mo.App.1947) [2].

Defendant also contends the doctrines of waiver and estoppel were established by the evidence. It is sufficient to say that defendant did not submit any instruction on either of these affirmative defenses. As stated above that failure waives the defenses.

Judgment reversed and cause remanded for entry of judgment in favor of plaintiff for rent due, interest and attorneys' fees.

PUDLOWSKI and WHITE, JJ., concur.

---

1. The person making the entry testified she had misunderstood what her superior told her concerning the tenant's situation at the time she wrote the memo.