Gary KLINCKMAN and Beverly
Klinckman, Plaintiffs–
Appellants,

v.

Jim PHARRIS, Sr., and Neva Pharris,
Defendants–Respondents.

No. 21956.

Missouri Court of Appeals,
Southern District,
Division Two.

May 22, 1998.

Richard Whiffen, Sikeston, for Appellant.

Daniel F. Norton, Sikeston, for Respondent.

BARNEY, Judge.

This action was brought by Plaintiffs Gary Klinckman and Beverly Klinckman (Buyers) against Defendants Jim Pharris, Sr., and Neva Pharris (Sellers) for breach of an asset purchase agreement. Following a court-tried case, judgment was entered in favor of Sellers. Buyers appeal.

■ We review the facts in the light most favorable to the trial court's judgment. *Gibson v. Adams*, 946 S.W.2d 796, 799 (Mo.App. 1997). "On appeal in a court-tried case, all fact issues upon which the trial court made no specific findings shall be considered as having been found in accordance with the result reached." *Kackley v. Burtrum*, 947 S.W.2d 461, 463 (Mo.App.1997).

Buyers and Sellers entered into an "asset purchase agreement" wherein Buyers agreed to pay $445,000.00 to Sellers for the purchase of real and personal property, consisting of a residence and lot, business building and lot, business equipment, delivery equipment, and good will.[1]

The agreement provided, *inter alia*, that the closing date was to be June 15, 1995, and that Buyers were required to pay an earnest money deposit of $25,000.00. Buyers paid the $25,000.00 earnest money deposit, by an "official check" dated February 2, 1995.

Buyers were unable to close on June 15, 1995. On June 26, 1995, Buyers and Sellers entered into a written agreement to extend the closing date to July 31, 1995. Again, Buyers were unable to close on July 31, 1995. Buyers and Sellers orally agreed to extend the closing date to August 31, 1995. Buyers were unable to close on August 31, 1995.

In February 1996, Buyers notified Sellers that they were able to close. However, Sellers explained to Buyers that they had already sold the properties to a third party. Buyers demanded the return of their $25,-000.00 earnest money deposit. Sellers refused and the litigation that produced this appeal ensued. The trial court found all issues in favor of Sellers.

On appeal to this Court, Buyers assign two interrelated points of trial court error.

First, Buyers maintain that the trial court erred in sustaining Sellers' objections to Buyers' "testimony regarding oral agreements and understandings surrounding the execution of either the contract or extension agreements." Second, Buyers maintain that the trial court erred in refusing to accept in evidence testimony from Buyers "concerning the conduct and actions of the parties following the July 31, 1995, closing date."

We will address Buyers' two assignments of error conjunctively, since the allegations are virtually identical.

■ The trial court's judgment must be affirmed unless there is no substantial evidence to support it, unless it is against the manifest weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Misemer v. Freda's Restaurant, Inc.*, 961 S.W.2d 120, 121 (Mo.App.1998).

Buyers contend that the trial court should have permitted them to testify about subsequent oral agreements and modifications made concerning the asset purchase agreement, including a purported agreement extending the closing date of the asset purchase agreement. Buyers suggest that because of subsequent oral agreements to extend the closing date, they were entitled to a refund of their earnest money deposit when they discovered Sellers had sold the properties to a third party.

■ The record shows that the trial court did not permit Buyers to offer any testimony of subsequent oral agreements made to extend the closing date because of the statute of frauds and the parol evidence rule. *See* § 432.010, RSMo 1994; *Angoff v. Mersman*, 917 S.W.2d 207, 211 (Mo.App.1996). We review the trial court's action in refusing to allow Buyers to offer testimony of subsequent oral agreements purportedly made to extend the closing date under an abuse of

---

1. The business was a floral business, identified as "The Flower Basket," located in Sikeston, Missouri. The residence and business were attached together.

discretion standard. *See Howe v. ALD Serv., Inc.,* 941 S.W.2d 645, 654 (Mo.App. 1997).[2]

▇▇▇ Where evidence is excluded, the issue is whether the trial court abused its discretion, not whether the evidence was admissible. *Howe,* 941 S.W.2d at 654. A discretionary ruling is presumed correct, and the burden of demonstrating an abuse of discretion is on the appellant. *Baker v. Felker,* 952 S.W.2d 743, 746 (Mo.App.1997).

Contracts involving the sale of land are required to be, *inter alia,* in writing. § 432.010, RSMo 1994; *see Kackley,* 947 S.W.2d at 464.

The instant agreement also involved the sale of personal property. Contracts for the sale of goods valued at more than five hundred dollars, as here, are required to be in writing to be enforceable. § 400.2–201(1), RSMo 1994; *Stanfield v. Grove,* 924 S.W.2d 611, 613 (Mo.App.1996).

Sellers concede that they agreed on two separate occasions to extend the closing date beyond the original date of June 15, 1995. First, Sellers agree that they extended the closing date, in writing, to July 31, 1995. Second, Sellers agree that they orally extended the closing date to August 31, 1995.

However, Sellers dispute that any subsequent agreements were made to extend the closing date beyond the final oral extension to August 31, 1995, and that therefore when the closing was not consummated on August 31, 1995, that Buyers were in default and Sellers were thus entitled to retain Buyers' earnest money deposit as liquidated damages.

The asset purchase agreement provided the following with respect to the closing date, earnest money deposit, and liquidated damages:

### ARTICLE VI

### CLOSING

The consummation of the transactions contemplated by this Agreement shall occur on or before the 15th day of June, 1995, (herein "Closing Date") at the offices of Norton and Norton, Attorneys at Law, 805 North Main Street, Sikeston, Missouri 63801, at 2:00 p.m. or at such other time and/or place as Buyers and Sellers shall mutually agree.

\* \* \*

### ARTICLE VIII

### MISCELLANEOUS

\* \* \*

2) Buyers' Default: In the event this agreement is not closed for the fault of the Buyers, the $25,000.00 [earnest money deposit] held in trust shall become the sole property of Sellers as liquidated damages, it being agreed that actual damages are difficult, if not impossible, to ascertain.

On June 26, 1995, Buyers and Sellers entered into the following written agreement:

### *AGREEMENT FOR EXTENSION OF CLOSING DATE*

We ... mutually agree that the closing date of the Asset Purchase Agreement signed by us shall be continued from the 15th day of June, 1995, to July 31, 1995, unless we further mutually agree, *in writ-*

---

**2.** We note that the trial court more than once gave Buyers the opportunity to make an offer of proof relating to the specifics of these purported oral agreements. Buyers declined to do so. Citing *Miller v. Kamo Elec. Coop., Inc.,* 351 S.W.2d 38, 43 (Mo.App.1961) and *Cobb v. R.W. Beasley Const. Co.,* 536 S.W.2d 535, 536 (Mo.App.1976), Buyers contend that any attempt by them to make an offer of proof would have been a futile gesture.

As a general rule, however, "[a]n objection to the exclusion of testimony cannot be considered on appeal in the absence of a showing of what the testimony would have been and that it was relevant and material." *Cobb,* 536 S.W.2d at 536 (quoting *Thayer v. Sommer,* 356 S.W.2d 72, 80 (Mo.1962)). Although it may be apparent that a trial court may overrule an offer of proof, nevertheless, "an offer of proof enables appellate courts to understand claims of error." *Choate v. Natvig,* 952 S.W.2d 730, 733 (Mo.App.1997) (quoting *Frank v. Environmental San. Mgmt., Inc.,* 687 S.W.2d 876, 883 (Mo. banc 1985)). In the instant matter, we are unable to fully evaluate Buyers' contentions regarding their claim of additional, oral understandings.

*ing,* to an additional continuance thereof or that same may be closed sooner.

(emphasis added).

"As a general rule a contract which by reason of the statute of frauds ... must be in writing and has been put in writing, cannot subsequently be modified by oral agreement." *Barr v. Snyder,* 294 S.W.2d 4, 10 (Mo.1956). "Parol evidence may not be used to vary or contradict terms of an unambiguous and complete written instrument absent fraud, common mistake, accident or erroneous omission." *Craig v. Jo B. Gardner, Inc.,* 586 S.W.2d 316, 324 (Mo. banc 1979). "A party cannot use parol evidence to create an ambiguity or to show that an obligation is other than that expressed in the written instrument." *Angoff,* 917 S.W.2d at 211.

There exists authority stating that "the [parol evidence] rule only prohibits evidence of contrary agreements made prior to or contemporaneously with the contract; it does not prohibit evidence of agreements entered into *after* the contract was executed." *Warrenton Campus Shopping Ctr. v. Adolphus,* 787 S.W.2d 852, 855 (Mo.App. 1990); *see also Zink v. Pittsburg & Midway Coal Mining Co.,* 374 S.W.2d 158, 164 (Mo. App.1964). Also, "[e]xecutory land sale contracts may be rescinded orally ... and such contracts are considered executory where legal title has not been transferred." *Warrenton,* 787 S.W.2d at 855 (citing *Smith v. Mohan,* 723 S.W.2d 94, 97–98 (Mo.App.1987)). However, this same authority also teaches that "contracts required to be written under the statute of frauds, including land sale contracts, § 432.010 RSMo [1994], may not be modified orally." *Warrenton,* 787 S.W.2d at 855. "[S]ubsequent verbal modifications are not allowed to vary the rights of the parties under a written contract required by the Statute of Frauds, Section 432.010...." *Fisher v. Miceli,* 291 S.W.2d 845, 848 (Mo. 1956); *Kamada v. RX Group Ltd.,* 639 S.W.2d 146, 148 (Mo.App.1982) (modifications of agreements within the statute also must conform to the requirements of the statute). "Subsequent oral variations or amendments of a written contract within the statute of frauds will support neither an action nor a defense to an action." *Rouse Co. of Mis-*

*souri, Inc. v. Boston Seafood of St. Louis, Inc.,* 894 S.W.2d 190, 191–92 (Mo.App.1995).

Buyers do not contend that either fraud, common mistake, accident, or erroneous omission is involved in the instant litigation. Neither do they plead, nor does their brief suggest, that their agreement with Sellers had been rescinded. Instead, Buyers insist that their written asset purchase agreement, including the subsequent written agreement extending the closing date, had been orally modified to provide for a new closing date after August 31, 1995.

However, the express terms of the agreement for the extension of the closing date provided that any subsequent continuances of the closing date were to be in writing. Further, the subject matter of the extension agreement subjected it to the statute of frauds and any modifications of its terms was required to be in writing. *See* 432.010, RSMo 1994; § 400.2–201(1), RSMo 1994; *Fisher,* 291 S.W.2d at 848.

We, therefore, conclude that the trial court did not abuse its discretion in not permitting Buyers to testify regarding subsequent oral modifications concerning the asset purchase agreement and its extension. *See Howe,* 941 S.W.2d at 654. Points One and Two are denied.

Buyers' motion to strike Sellers' brief for violations of Rule 84.04 is denied. Sellers' motion to strike inappropriate matters from the record on appeal is likewise denied.

The judgment is affirmed.

MONTGOMERY, C.J., and SHRUM, J., concur.