**Donald Lee CUMMINGS and Judith Cummings, Plaintiffs-Appellants,**

v.

**TEPSCO TENNESSEE PIPE AND SUPPLY CORPORATION and James Harris, Defendants-Respondents.**

No. 43463.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 23, 1982.

Motion for Rehearing and/or Transfer Denied April 16, 1982.

**499**

Terry A. Bond, MBE, Luke, Cunliff, Herr, Chavaux, Hilgendorf, McCluggage & DeYoung, St. Louis, for plaintiffs-appellants.

Eugene K. Buckley, Evans & Dixon, St. Louis, for defendants-respondents.

SNYDER, Judge.

Plaintiffs-appellants, in an action for personal injury and loss of consortium, appeal from an adverse judgment entered upon a jury verdict for defendants-respondents. Appellants contend the trial court erred in admitting a portion of the deposition of respondent Harris allegedly relating the deponent's opinion about the cause of the accident which was the subject of the lawsuit.

The judgment is affirmed.

Appellant D. L. Cummings was injured while moving a one-half section of a modular home down a steep hill on a narrow, rocky road. Respondent Harris was a truck driver for respondent Tepsco and had delivered four one-half sections of the modular homes to appellant D. L. Cummings at the top of a steep hill above the site of Cummings' real estate development. Mr. Cummings proposed to assemble the modular homes at the bottom of the hill.

Respondent Harris drove a truck which was equipped to tow separately each one-half section of modular home which was mounted on a frame with wheels. Respondent Harris could not move the one-half sections of modular home down this hill with his truck alone. Appellant D. L. Cummings and respondent Harris, therefore, agreed to attach one end of a chain to the rear of the half section of modular home to be moved, and the other end to a bulldozer owned by appellant D. L. Cummings, and then have the truck, in the front, and the bulldozer, in the rear, move the modular home slowly down the hill. The bulldozer was to prevent the modular home from going down the hill too fast by keeping tension on the chain. Witness Thuet was to follow in a pickup truck. On a trip down the hill, the bulldozer, which appellant D. L. Cummings was operating, overturned and Cummings was injured.

Appellants' evidence was that respondent Harris attached the chain to the modular home and the bulldozer; that respondent Harris had the idea to use the bulldozer; and that the accident occurred while moving the fourth and last section of the modular home down the hill.

Respondents' evidence was that appellant D. L. Cummings and witness Thuet attached the chain to the modular home and the bulldozer; that appellant D. L. Cummings suggested using the bulldozer; that the accident occurred while moving the first, rather than the last, section of modular home down the hill; and that appellant D. L. Cummings continued to help move the other three sections of modular home after the accident.

Appellants also introduced evidence that it had been agreed that witness Thuet (in the pickup truck) was to follow the procession of the truck tractor, modular home and bulldozer down the hill and sound his horn and turn on his headlights should anything go amiss. When the bulldozer started to tip over, witness Thuet did sound his horn and turn on his lights but respondent Harris did not hear the horn. Harris could not have seen the lights because his vision was obstructed by the modular home section and the bulldozer which were between his truck tractor and the Thuet pickup truck.

Appellants' sole point relied on is that the trial court erroneously overruled their objections to portions of the deposition of respondent Harris because Mr. Harris' deposition testimony constituted inadmissible opinion evidence. The point is ruled against appellant and the judgment affirmed.

The deposition was taken by appellants but introduced and read to the jury by respondents. Appellants contend six questions and respondent Harris' answers to those questions constituted inadmissible opinion evidence that appellant D. L. Cummings had improperly chained the modular home to the bulldozer so that the bulldozer

bucket, which had metal teeth, was pushed into the ground, thus causing the bulldozer to overturn. Respondent Harris also said Mr. Cummings attempted to raise the bulldozer bucket but could not, that the weight of the chain, modular home and truck pushed the bulldozer bucket into the ground because the chain was attached to the bulldozer over the top of the bucket. Harris said further that the accident was caused by the chain pushing the bulldozer bucket into the ground which flipped the bulldozer.

Appellants argue such evidence was inadmissible because it was based upon respondent Harris' opinion grounded on surmise. Harris had testified he could not see behind the modular home he towed and did not see the accident other than to see the bulldozer "when it flipped over."

█ The testimony of a witness must be based upon knowledge. *State v. Dixon*, 420 S.W.2d 267, 271[3] (Mo.1967). If the testimony of a witness, read as a whole, conclusively demonstrates that whatever he may have said with respect to the issue under investigation was a mere guess on his part and that, in fact, he did not know about that concerning which he undertook to speak, his testimony on the issue cannot be regarded as having any probative value. *State v. Dixon, supra.* A lay witness must relate observations rather than opinions if the fact finder is as well qualified as the witness to draw conclusions from the facts. *Scott v. Scott*, 612 S.W.2d 61, 63[4, 5] (Mo. App.1981).

█ Read in isolation, the questions and answers of which appellants complain could be construed to constitute respondent Harris' opinion concerning the cause of the accident, inasmuch as respondent Harris did not actually observe the accident. It is clear from the context of respondent Harris' other, related, deposition testimony, however, that respondent Harris was saying what appellant D. L. Cummings had told him of the accident shortly after its occurrence.[1]

---

1. The questions and responses to which appellants object form only a part of respondent

Harris' testimony about what appellant D. L. Cummings told him shortly after the accident.

Respondent Harris' deposition testimony was that, after respondent Harris joined appellant D. L. Cummings following the accident, appellant D. L. Cummings told respondent Harris in essence that the bulldozer bucket was forced into the ground by the weight of the chain over the bucket and that the bulldozer flipped over. Statements of a party, such as those of Cummings, related by respondent Harris, are admissions against the interest of the party and admissible. *Carpenter v. Davis*, 435 S.W.2d 382, 384–385[1–3] (Mo. banc 1968); *Yamnitz v. Polytech, Inc.*, 586 S.W.2d 76, 82 (Mo. App.1979).

■ The admission of a party is not inadmissible merely because it constitutes an expression of opinion although the opinion testimony must be based upon matters not beyond the scope of the personal knowledge and understanding of the declarant. *Yamnitz v. Polytech, Inc., supra* at 82–83 (statement of opinion admissible as admission but insufficient evidence to show statement made by authorized agent). A party may relate his opponent's verbal opinion as to fault in a negligence action, and the evidence is admissible as an admission against interest of a party although not admissible as a declaration against interest of a non-party. *Carpenter v. Davis, supra.*

Appellant analogizes the position of respondent Harris to that of the plaintiff in *Haley v. May Department Stores Co.*, 287 S.W.2d 366 (Mo.App.1956). In *Haley*, the appellate court reversed a judgment upon a jury verdict for the plaintiff who had fallen on defendant's escalator. The court held the plaintiff had not made a submissible case of negligence because plaintiff had not shown that the escalator upon which plaintiff fell was overcrowded or that the crowd using the escalator was unruly. In so ruling, the appellate court noted that any finding that the rowdiness of the crowd caused plaintiff's fall would be based upon speculation and conjecture because it was based upon plaintiff's opinion concerning what oc-

curred behind her, although she had never looked back. The appellate court continued that, even had the crowd been unruly, the defendant would not have been negligent in failing to anticipate the situation. *Haley v. May Department Stores Co., supra.*

The appellate court in *Haley* was not presented with the evidentiary question presented here, and the plaintiff's relation of opinion in *Haley* was not based upon the admission of the opposing party. *Haley* furnishes no support for appellants' claim of error.

■ The trier of fact has the discretion to determine whether statements made by a party constitute admissions and the weight and value to be accorded to the statements. *Brunswick Corp. v. Briscoe*, 523 S.W.2d 115, 121–122[5–12] (Mo.App.1975). The trial court did not err in admitting the challenged evidence.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.

---

In its entirety, respondent Harris' deposition testimony concerning what appellant D. L. Cummings told him of the cause of the accident takes up 12 to 13 pages of the transcript of the hearing.