John and Joan FRANCIS, Plaintiffs–
Respondents,

v.

Charles and Echo RICHARDSON,
Defendants–Appellants.

No. 22037.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 28, 1998.

Robert L. Smith, Smith & Miller, Poplar Bluff, for Appellants.

Matthew S. Edmundson, Edmundson, Trando, Hopkins & Henson, Poplar Bluff, for Respondents.

BARNEY, Judge.

In this court-tried case, a judge granted John Francis and Joan Francis (Plaintiffs) judgment against Charles and Echo Richardson (Defendants) for $5,018.45. The damage award represented the value of one month's rent ($500.00) and damages ($4,518.45) re-sulting from an alleged failure by Defendants to maintain rental property pursuant to a lease. Defendants appeal, presenting two points of trial court error. Their first point is directed at the sufficiency of the evidence to support a monetary award for damages to the demised property; they also argue trial court error in awarding one month's rent to Plaintiffs because Plaintiffs did not seek such an award at trial. In their second point, Defendants aver that the trial court erred in entering a judgment for the Plaintiffs because the circuit court entered its judgment more than thirty days after submission of the case for final decision and that therefore the circuit court was divested of jurisdiction and its judgment remains void.

This is the second opportunity this Court has had to review this matter. *See Francis v. Richardson*, 951 S.W.2d 365 (Mo.App. 1997). We dismissed the earlier appeal for lack of jurisdiction and remanded the matter to the trial court with directions because the trial court's first judgment was void in that it was entered more than thirty days after submission of the case to the trial court for final decision. *See Id.* at 366; § 517.111.2, RSMo 1994.[1] We directed the trial court to "enter an order setting aside all entries made on or about October 9, 1996, and treat the case as finally submitted on that new date." *Id.* The trial court followed this Court's mandate and subsequently entered a new judgment on October 20, 1997.

"The trial court's judgment must be affirmed unless there is no substantial evidence to support it, unless it is against the manifest weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Klinckman v. Pharris*, 969 S.W.2d 769, 770 (Mo.App.1998).

We review the facts in the light most favorable to the trial court's judgment. *Id.* "[A]ll fact issues upon which the trial court

---

1. Section 517.111.2 provides:
   When a case is tried before a judge without a jury,
   judgment shall be entered by the judge within thirty
   days after the case is submitted for final decision
   unless the parties consent to a longer period of time.

§ 517.111.2, RSMo 1994.
   The record shows that this matter was tried and submitted to an associate circuit judge of the Circuit Court of Butler County on April 10, 1996, and that the trial court entered its judgment on October 9, 1996. The entry of judgment six months after submission ran contrary to the cited statutory provisions.

made no specific findings shall be considered as having been found in accordance with the result reached." Id.

## I.

On May 13, 1985, Defendants entered into a written lease agreement with Eldred C. Russell and Ruth Ann Russell. The lease was for commercial property located at 3001 South Westwood Boulevard, Poplar Bluff, Butler County, Missouri. The term of the lease was for five years, expiring July 1, 1990, with an option to renew for an additional five-year term expiring July 1, 1995. The lease provided, *inter alia*, that Defendants "shall make all necessary repairs to the building during the term of this lease and shall keep the premises in good repair and working condition during the term of the lease." Defendants exercised their option to renew for the second five-year term after the expiration of the first five-year term.

In June 1995, Eldred C. Russell and Ruth Ann Russell sold the leased property to John and Joan Francis, Plaintiffs herein. Plaintiffs requested that Defendants surrender the premises to them on the expiration of the lease, July 1, 1995. Defendants refused. Plaintiffs filed the instant suit and Defendants counterclaimed for damages. Defendants relinquished the property to Plaintiffs on or about August 1, 1995. The trial court found all claims in favor of Plaintiffs and awarded total damages in the amount of $5,018.45.

## II.

■ We address Defendants' second assignment of error first. Defendants assert that "the court of appeals was without jurisdiction and authority in remanding this case to the associate circuit court ... and ordering that court to reenter a judgment, therefore the subsequent reentry of the judgment by the associate court on October 20, 1997, is void." We determine that this assignment of error is without merit.

When this appeal was previously before this Court, we remanded the matter to the circuit court and directed the associate circuit judge to do the following:

The associate circuit judge who entered this judgment shall on his own initiative, or on the motion of either party, as soon as possible after timely notice to all parties, set a date at which time he shall enter an order setting aside all entries made on or after October 9, 1996, and treat the case as finally submitted on that new date. The associate circuit judge shall then enter a judgment within the time period mandated by § 517.111.2, RSMo 1994.

*Francis,* 951 S.W.2d at 366.

■ These same, if not identical, directions were issued to circuit courts on remand in at least four other cases previously before the appellate courts of Missouri. *See Kamp v. Grantham,* 937 S.W.2d 258, 259–60 (Mo.App.1996); *French v. Davidson,* 936 S.W.2d 225, 226 (Mo.App.1996); *Larimer v. Robertson,* 800 S.W.2d 154, 156 (Mo.App. 1990); *Stellwagen v. Gates,* 758 S.W.2d 195, 197 (Mo.App.1988). Defendants have directed us to no authority that holds this Court did not have the authority to remand this matter to the circuit court to set aside its previous judgment and enter a new judgment, as set forth above. Appellants are obliged to cite appropriate and available precedent if they expect to prevail. *See Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978); *see also Shiyr v. Pinckney,* 896 S.W.2d 69, 71 (Mo.App.1995). "Failure to cite relevant authority where available, or to set forth why such authority is not available, constitutes an abandonment of the point under Rule 84.04(d)." *Williams v. Belgrade State Bank,* 953 S.W.2d 187, 190 (Mo.App. 1997). Point denied.

## III.

In their first point of error, Defendants assail the integrity of the judgment, alleging three deficiencies. They assert that: (1) Plaintiffs did not request any damages for rent at trial yet the trial court awarded Plaintiffs $500.00 for rent; (2) they contend that Plaintiffs were not competent to testify about what repairs the leased property needed to restore it to its original condition because they did not know what condition the property was in when Defendants took possession in 1985; and (3) they allege that the

damages award based upon Plaintiffs' Exhibits 16 and 17 was not based on any evidence, was speculative and excessive; and that the damages awarded to Plaintiffs based upon Exhibit 18 was primarily for the removal of "trade fixtures," which Defendants contend they had a right to remove from the leased property when they surrendered it.

In review of Defendants' first subpoint, we observe that during the course of the proceedings Plaintiffs' attorney stated: "Judge, we're not making claim for rent. . . ." Despite this pronouncement, in its judgment the trial court found:

> a. [O]n the original Petition for Eviction as to rent, the Defendants were not entitled to retain possession of the property during the month of July, 1995, and the Court assesses rent at Five Hundred and NO/100 Dollars ($500.00) due to the Plaintiffs. . . .

We conclude that the trial court erred in awarding $500.00 in damages to Plaintiffs for rent. Plaintiffs' counsel's statements constituted a judicial admission that Plaintiffs were not requesting a judgment for rent. A judicial admission is "a more or less formal act done in the course of judicial proceedings which waives or dispenses with the production of evidence and concedes for the purpose of the litigation that a certain proposition is true." *Hewitt v. Masters*, 406 S.W.2d 60, 64 (Mo.1966). It can be made by a party or his attorney. *Mitchell Engineering Co. v. Summit Realty Co., Inc.*, 647 S.W.2d 130, 140 (Mo.App.1982). "It removes the proposition in question from the field of disputed issues in the particular case wherein it is made." *Id.* at 141. Subpoint granted.

In their second subpoint, Defendants' contend that Plaintiffs were not competent to testify as to what repairs were needed to restore the leased property to its original condition because they did not know what condition the property was in when Defendants took possession in 1985.

The general rule is that "[t]he testimony of a witness must be based upon [personal] knowledge." *Cummings v. Tepsco Tennessee Pipe & Supply Corp.*, 632 S.W.2d 498, 500 (Mo.App.1982); *see also Anderton v.*

*Gage*, 726 S.W.2d 859, 866 (Mo.App.1987). It is also a general rule of law that the trier of fact has the discretion to determine the weight and value to be given to the testimony of any witness. *Cummings*, 632 S.W.2d at 501.

In the instant matter, Plaintiff John Francis testified only as to the present condition of the demised property at the time he took possession, some thirty days after Defendants relinquished the property. He testified that he had been in the construction business for some 45 years and had built approximately 25 commercial apartment buildings. He testified in detail as to the condition of the building at issue when he took possession of the demised property. He related that the electrical wiring had been "cut off" and "just pushed back in the hole in the wall." He testified concerning overhead posts and lighting which had been removed, broken water lines, holes in walls made by Defendants to permit water drainage from their automobile washing operation, nine broken windows, damage to doors and door jambs, damage to cabinets, insulation which had been removed by Defendants, and four barrels of oil that Defendants left on the property after vacating it. He stated that an office inside the building had been totally demolished and removed from the building, together with another addition or building that had been attached to the main building. This testimony was based upon Plaintiff John Francis' personal knowledge and was thus properly considered by the trial court. *See Cummings*, 632 S.W.2d at 500.

The testimony concerning the condition of the building when Defendants originally took possession, however, came from Mr. Eldred Russell, from whom Plaintiffs purchased the property and from whom Defendants originally leased the property.

Mr. Russell testified on direct examination that when he leased the property to Defendants in 1985 that is was in "good condition." He acknowledged that the "wiring in it" was "good" at that time, that all the doors functioned properly and were "in good repair" and that there were no broken windows, and that there were no holes in the walls or floors of the building and the water lines were in

proper condition. Mr. Russell also testified that the cabinets in the building were in proper working condition when the building was leased to Defendants but that after they vacated the building the cabinets were "tore down." Mr. Russell's testimony was based upon his personal knowledge and was thus properly considered by the trial court. *See Cummings,* 632 S.W.2d at 500. The weight to be accorded to the testimony Defendants complain of was solely within the sound discretion of the trial court. *See Id.* at 501. Subpoint denied.

■ In their final subpoint, Defendants aver that the damages award to Plaintiffs was not based upon any evidence, was speculative and excessive and was primarily based upon Defendants' removal of "trade fixtures" from the building, which was not in violation of the lease agreement because they had a right to remove such "trade fixtures" from the leased property when they vacated it.

There is substantial evidence in the record to indicate that after Defendants vacated the building, it was discovered that either in the process of moving out of the building or during their tenancy, much damage was inflicted on the walls, floors and insulation. There was also evidence that the building's doors, door jambs and cabinets were damaged or in severe disrepair.

Concerning damages, the trial court found the following in its judgment:

b. The Plaintiffs were damaged by the Defendants' failure to maintain the property as per paragraph two (2) of the lease (Exhibit 1) in the amount of Four Thousand Five Hundred, Eighteen and 45/100 Dollars ($4,518.45). (This amount is one-half (½) of the estimates of Exhibits 16 and 18 plus the full amount of Exhibit 17. It being the Court's finding that the Defendants are entitled to a reduction in the full amount of the estimate of repairs to offset normal wear and tear during the course of the lease rather than [Plaintiffs] being compensated for restoring it to new condition).

■ Exhibit 16 was an estimate in the amount of $2,288.00 by an electrician to replace electrical wiring. Exhibit 17 was an estimate in the amount of $197.45 for the replacement of the nine broken 16 × 24 windows and labor, and Exhibit 18 was an estimate in the amount of $6,354.00 by a construction company, enumerating various building materials needed to aid in the restoration of the property. All exhibits were admitted in evidence without objection. On appeal, Defendants cannot now complain of their admission at trial. *See State ex rel. Utility Consumers Council v. Public Service Comm'n,* 562 S.W.2d 688, 695 (Mo.App.1978); *see also Gibson v. Adams,* 946 S.W.2d 796, 804–05 (Mo.App.1997). Additionally, we observe that a trial court in a case tried without a jury has the prerogative to make a finding of value within the range of values testified to at trial on issues of damages. *See Kickham v. Gardocki,* 966 S.W.2d 361, 362 (Mo. App.1998); *Coffman v. Powell,* 929 S.W.2d 309, 312 (Mo.App.1996); *see also Business Men's Assururance Co. of America v. Graham,* 891 S.W.2d 438, 449–50 (Mo.App.1994)(measure of damages to real property). "Conflicts in the evidence were for the trial court to resolve, and the facts must be taken in accordance with the result reached by the trial court." *Washington University v. Royal Crown Bottling Co.,* 801 S.W.2d 458, 467 (Mo.App.1990)(quoting *Trenton v. Western Surety Co.,* 599 S.W.2d 481, 483 (Mo. banc 1980)). Subpoint denied.

■ Lastly, Defendants contend that the trial court's damages award based upon Exhibit 18 was in error because that exhibit permitted the recovery of damages caused by Defendants' removal of "trade fixtures," which they contend they had a right to remove from the property.

"Trade fixtures," as opposed to "building fixtures," were defined in *Runny Meade Estates, Inc. v. Datapage Technologies Int'l, Inc.,* 926 S.W.2d 167, 171 (Mo.App.1996). In *Runny Meade Estates,* the court stated:

Articles annexed to realty by a tenant for the purpose of carrying on a trade or business are considered as trade fixtures and are ordinarily removable by him. That the fixture is particularly adapted to a particular type of building does not (in itself) make it irremovable. If the article is placed in the building for the sole pur-

pose of enabling the tenant to carry on his business, it is removable; but if the article is so placed as to make *the building itself* peculiarly adapted and more usable for the type of business, then it is not removable.

*Id.* (quoting *Stockton v. Tester*, 273 S.W.2d 783, 787 (Mo.App.1954)).

As previously noted, Plaintiffs' evidence showed that Defendants added a small building to the rear of the leased building during their tenancy. Mr. Russell testified that during the time that Defendants were moving out of the building "they tore down the [small] building off the back of it." Although Defendants testified that they merely removed "temporary office partitions" and that they attached a temporary outside structure to house their air compressor, the trial court was free to choose among the conflicting testimony and evidence regarding this issue. *Washington University*, 801 S.W.2d at 467. Pursuant to the specific terms of the parties' lease agreement,[2] Defendants had no authority to remove the structure from the leased property. *See Id.;* note 3, *supra.* Subpoint denied.

That portion of the judgment awarding rent to Plaintiffs in the amount of $500.00 is reversed. The remainder of the trial court's judgment is affirmed. *See Klinckman*, 969 S.W.2d at 770.

SHRUM, P.J., and MONTGOMERY, J., concur.

---

2. Paragraph three of the lease agreement provided the following:

   3. Any and all improvements heretofore made upon the demised premises hereafter made during the term of the lease shall become and remain part of the real estate herein demised and at the expiration of the term herein granted, or any extension thereof, all such improvements shall remain a part of the demised premises.