STATE of Missouri, Respondent,

v.

Shelby A. CRAWFORD, Appellant.

No. SC 84071.

Supreme Court of Missouri,
En Banc.

Feb. 26, 2002.

Rehearing Denied March 19, 2002.

Bruce W. Simon, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Sutherland, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for Respondent.

PER CURIAM.[1]

Shelby A. Crawford was convicted of two counts of the class B felony of possession with intent to distribute, deliver or sell marijuana and cocaine, in violation of section 195.211.[2] The court sentenced Crawford to seven years' imprisonment in the department of corrections on each count, to be served concurrently. Crawford appeals. This Court finding no error, the judgment is affirmed.

**Factual and Procedural Background**

Crawford waived his right to a jury. The following evidence was presented to the court: On March 12, 1999, the Belton police executed a search warrant at 16 Jasmine Street in Belton. The telephone rang during the search. One of the officers answered the telephone. A confidential informant told the officer that a person identified as "Dray" "was coming out to that trailer *to deliver some drugs.*" (Emphasis added.)

A "red Firebird" drove out to the residence at least twice a week, at which time an occupant of the residence would walk to the car and then return not more than ten minutes later. Approximately fifteen minutes after the telephone call, a red Pontiac Firebird pulled up. Crawford was driving the vehicle. Two other passengers were in the vehicle. Crawford got out of the Firebird, walked up to the house, and identified himself as "Dray" to the officer who opened the door. Crawford was arrested.

A police K–9 unit was called to the scene to search the outside of the car. The K–9 dog scratched at the driver-side door, which indicated to the officers that there were narcotics in the vehicle. During a search after a warrant was obtained, the officers found, in the hub of the steering wheel of the car, a bag that held seven individually packaged smaller bags of marijuana, another bag containing two small bundles of cocaine base, and over $1,000 in cash. The serial numbers on one of the bills (a $20 bill) matched those that the officers had earlier used to purchase narcotics in a "controlled buy" at the 16 Jasmine Street residence. No drugs were found on any of the passengers, on Crawford, or elsewhere in the car.

**Standard of Review**

Crawford did not present any evidence at trial. He contends there was insufficient evidence to prove he consciously possessed the drugs found in the vehicle.

■ When reviewing a challenge to the sufficiency of the evidence, this Court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence. *State*

1. The appeal in this case was originally decided by the Court of Appeals, Western District, in an opinion by the Honorable James M. Smart, Jr. Following transfer to this Court, *Mo. Const. article V, section 10,* portions of that opinion are incorporated without further attribution.

2. All statutory references are to RSMo 2000.

*v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993). All evidence and inferences to the contrary are disregarded. *Id.* This Court does not weigh the evidence. Appellate review is limited to determining whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989).

■■■ In a case tried without a jury, the trial court's findings have the force and effect of the verdict of a jury. *Rule 27.01(b).* The credibility and weight of testimony are for the fact-finder to determine. *Dulany* at 55. The fact-finder may believe all, some, or none of the testimony of a witness when considered with the facts, circumstances and other testimony in the case. *Id.*

### Sufficiency of the Evidence

■■■ Crawford contends that there was insufficient evidence to show an adequate "nexus" between him and the controlled substances found in the steering wheel of the car he was driving to support either actual or constructive possession of the materials. Crawford argues the State's evidence shows only that while the police were executing a search warrant, Crawford drove up in front of the house being searched; was arrested as he approached the premises; that the car was then seized without a warrant and later searched pursuant to a warrant. In the hub of the steering wheel of the car, the police found marijuana, cocaine, and $1,000.00 in cash. There was no evidence Crawford owned the car, and the police evidence indicated the car was owned by some other party.

■■■ The police chief, however, testified at trial that one of the detectives had a conversation on the phone with "an individual," who told the detective that "Dray" (referring to Crawford) would be "coming

out to the trailer to deliver some drugs." This evidence was hearsay, but no objection was offered to the testimony. Inadmissible hearsay that goes in the record without objection may be considered by the fact-finder in determining the facts. *State v. Thomas,* 440 S.W.2d 467, 470 (Mo. 1969); *State v. Sammons,* 640 S.W.2d 488, 489 (Mo.App.1982).

Given the totality of the evidence that the fact-finder received and the reasonable inferences that can be drawn from that evidence, there was sufficient evidence to sustain the convictions.

The judgment is affirmed.

All concur.