STATE of Missouri, Respondent,

v.

Tonda L. SELLMEYER, Appellant.

No. WD 61493.

Missouri Court of Appeals,
Western District.

June 30, 2003.

Julie F. Fox, Prosecuting Attorney, Keytesville, MO, for respondent.

Richard L. Scheibe and Thomas Marshall, Moberly, MO, for Appellant.

Before HOWARD, P.J., and LOWENSTEIN and HARDWICK, JJ.

VICTOR C. HOWARD, Presiding Judge.

Tonda L. Sellmeyer appeals from her conviction of making a false affidavit,

§ 575.050.[1] Sellmeyer's sole point on appeal is that the trial court erred in overruling her motion to acquit at the end of the State's case and motion to acquit at the end of all evidence in that there was no evidence that she acted with the intent to mislead Debra Perry because the evidence at trial clearly shows that Sellmeyer told Perry that she had signed check # 799 and lost check # 798 prior to signing the affidavit of forgery.

We reverse.

## Facts

On January 10, 2002, Tonda L. Sellmeyer signed an affidavit of forgery which was witnessed by bank employee Debra Perry, wherein she claimed that two of her checks, # 798 and # 799, had been forged. Earlier that day, Sellmeyer had called her bank and told them that check # 798 was lost and that she had been forced to write check # 799. Sellmeyer told the person she talked to that she wanted to put a stop payment on the checks. Sellmeyer went to the bank in person and talked to employee Debra Perry. Sellmeyer reported that she had signed check # 799, but had been forced to do so at knifepoint. Perry then presented Sellmeyer with an affidavit of forgery, which Sellmeyer signed. On the same date, Sellmeyer also signed a stop payment request, which requested that the bank stop payment on the same two checks listed in the affidavit of forgery. There is no explanation in the record as to why both documents were completed. There is also no explanation of what happened to check # 798. Sellmeyer testified that in signing the documents, she believed she was effecting the stop payment she desired, although she did not really understand the forms and was merely signing what she was given.

Sellmeyer was charged with making a false affidavit, § 575.050. The information claimed that Sellmeyer had completed an affidavit wherein she swore that she had not signed checks # 798 and # 799, that Sellmeyer's claim in the affidavit was false, and that she had made this false claim for the purpose of misleading Debra R. Perry.

Following a bench trial, on May 28, 2002, Sellmeyer was convicted of making a false affidavit. She received a fifteen-day suspended sentence and one year of probation. This appeal follows.

## Standard of Review

In reviewing a challenge to the sufficiency of the evidence to support a criminal conviction, appellate review is limited to a determination of whether there is sufficient evidence from which a court might have found the defendant guilty beyond a reasonable doubt. *State v. Rehberg*, 919 S.W.2d 543, 552 (Mo.App. W.D. 1995). We view the evidence, together with all reasonable inferences drawn therefrom, in the light most favorable to the State and disregard all evidence and inferences to the contrary. *State v. Silvey*, 894 S.W.2d 662, 673 (Mo. banc 1995). We do not determine the credibility of witnesses; rather, we defer to the trial court's superior position from which to determine the witnesses' credibility. *State v. McIntyre*, 63 S.W.3d 312, 315 (Mo.App. W.D.2001).

## Argument

Sellmeyer's sole point on appeal is that the trial court erred in overruling her motion to acquit at the end of the State's case and motion to acquit at the end of all evidence in that there was no evidence that she acted with the intent to mislead Debra Perry because the evidence at trial clearly

1. All statutory references are to RSMo 2000.

shows that Sellmeyer told Perry that she had signed check # 799 and lost check # 798 prior to signing the affidavit of forgery.

Section 575.050 provides that "[a] person commits the crime of making a false affidavit if, with purpose to mislead any person, he, in any affidavit, swears falsely to a fact which is material to the purpose for which said affidavit is made." The State must prove the following four elements in order to convict a defendant of the crime of making a false affidavit: 1) the defendant swore to a fact in an affidavit; 2) the defendant swore falsely to the fact; 3) the fact to which the defendant falsely swore was material to the purpose for which the affidavit was made; and 4) the defendant swore falsely with the purpose to mislead. "In order to convict a defendant of a criminal offense, the State is required, as a matter of due process, to prove beyond a reasonable doubt each and every element of the offense." *State v. White*, 92 S.W.3d 183, 192 (Mo.App. W.D. 2002).

Sellmeyer concedes that she made an affidavit, that she swore to certain facts therein, and that she swore to them falsely. However, she contends the State failed to prove that she had the purpose to mislead when she falsely swore. Specifically, she contends the evidence did not prove beyond a reasonable doubt that she attempted to mislead Debra Perry as to whether Sellmeyer was the one who signed check # 799.

Sellmeyer testified that her purpose in filling out the affidavit of forgery and the stop payment form was to stop payment on checks # 798 and # 799. She testified that she told Debra Perry, prior to signing the affidavit of forgery, that she had been forced to write check # 799 and that she "wanted them to understand that I'm not saying my name was not on the check ...

because my signature was on the check." Sellmeyer further testified that she didn't "understand a lot of these forms and things at the bank, so I just signed what I assumed I was supposed to be signing."

Debra Perry testified on direct examination that when Sellmeyer came to the bank, Sellmeyer told Perry that "she had written the check but she was under knife-point at the time." On cross-examination, Perry specifically testified that Sellmeyer had told her before she signed the affidavit of forgery that she wrote the check under knifepoint.

We find that the State has failed to show, either through direct or circumstantial evidence, that Sellmeyer signed the affidavit of forgery with the purpose of misleading Debra Perry. The evidence presented at trial clearly indicates that Sellmeyer told Perry, prior to signing the affidavit, that she had, in fact, signed check # 799 herself. There was no evidence to the contrary presented. Because the State has failed to prove that Sellmeyer had the purpose of misleading Debra Perry when she swore falsely in the affidavit, her conviction must be reversed. The point is granted.

The judgment of the trial court is reversed, and the case is remanded with directions to vacate Sellmeyer's conviction and sentence.

LOWENSTEIN and HARDWICK, JJ., concur.