**STATE of Missouri, Respondent,**

v.

**Tony L. HOWELL, Appellant.**

**No. WD 62226.**

Missouri Court of Appeals, Western District.

Sept. 21, 2004.

Thomas J. Marshall, Moberly, MO, for appellant.

Michael D. Fusselman, Moberly, MO, for respondent.

Before ELLIS, C.J., LOWENSTEIN, ULRICH, BRECKENRIDGE, SPINDEN, SMART, EDWIN H. SMITH, HOWARD, NEWTON, HOLLIGER and HARDWICK, JJ.

PATRICIA BRECKENRIDGE, Judge.

Tony L. Howell appeals his conviction of the class A misdemeanor of domestic assault in the third degree, under section 565.074, RSMo 2000.[1] In his first point, Mr. Howell claims that the trial court erred in allowing testimony from a police officer as to his relationship with the victim because the officer's testimony was without foundation. In his second point, Mr. Howell claims that the trial court erred in overruling his motion for acquittal because there was no evidence that any action he committed caused the victim physical injury. Because this court finds that the officer's testimony was properly admitted and the evidence was sufficient to show that Mr. Howell's conduct caused the victim's injury to her neck, the judgment is affirmed.

## Factual and Procedural Background

On the night of December 8, 2001, Officer Brashear, of the Moberly Police Department, responded to a call regarding a possible disturbance at the victim's apartment. As Officer Brashear approached the apartment, he heard a man screaming and yelling inside. Officer Brashear could see inside the front window of the apartment. He saw the victim sitting on a couch directly in front of the window. Mr. Howell was standing in front of the couch, a little more than an arm's reach in front of the victim. Mr. Howell was yelling at the victim and appeared to be angry with her.

Officer Brashear next saw Mr. Howell reach down, grab the victim by either her neck, the shirt collar around her neck, or both her neck and her shirt collar, jerk her up off of the couch, and hold her in front of his face. After yelling something in her face, he threw her back down on the couch. He then reached down a second time and grabbed her again by either her neck, the shirt collar around her neck, or both. Upon observing this, Officer Brashear feared for the victim's safety, so he entered the apartment.

As Officer Brashear went into the apartment, the victim looked at him with a look of fear in her face. Officer Brashear noticed that she had been crying. Officer Brashear also noticed that the victim had a fresh split to her bottom lip, with fresh blood on it, and that she had some redness and bruising around her neck. Officer Brashear arrested Mr. Howell for domestic assault. The victim permitted Officer Brashear to photograph her injuries. He took two pictures of her split lip and her neck.

Mr. Howell was charged with the class C felony of domestic assault in the second degree, under section 565.073. A bench trial was held. Officer Brashear testified for the State, and the State offered the two photographs Officer Brashear took of the victim after the incident. The court found Mr. Howell guilty of the class A misdemeanor of domestic assault in the third degree, under section 565.074, and sentenced him to one year in jail. Mr. Howell appeals.

## No Error in Admitting Relationship Testimony

■ In his first point, Mr. Howell claims that the trial court erred in overrul-

---

1. All statutory references are to the Revised Statutes of Missouri 2000, unless otherwise indicated.

ing his objection to Officer Brashear's testimony regarding Mr. Howell's relationship with the victim because the State did not lay a proper foundation for the testimony. Specifically, Officer Brashear testified that it was his opinion that Mr. Howell and the victim were dating. Mr. Howell claims that Officer Brashear's testimony was without foundation because the State failed to provide any evidence or testimony concerning how Officer Brashear came to this opinion, other than Officer Brashear's testimony that Mr. Howell had told him that he was dating the victim. Mr. Howell claims that his extrajudicial statements were insufficient to prove that a relationship existed between him and the victim.

The trial court found Mr. Howell guilty of domestic assault in the third degree, under section 565.074. This statute provides, in pertinent part:

A person commits the crime of domestic assault in the third degree if the act involves a family or household member or an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the actor, as defined in section 455.010, RSMo, and:

(1) The person attempts to cause or recklessly causes physical injury to such family or household member[.]

Section 565.074.1. In this point, Mr. Howell argues that the State failed to prove that he was in or had been in a continuing social relationship of a romantic or intimate nature with the victim or that they were family or household members. He asserts that the only evidence the State offered to prove this element was Officer Brashear's opinion that Mr. Howell and the victim had been in a relationship in the past and that they resided together. Mr. Howell claims that the State failed to pro-

vide any foundation for how Officer Brashear came to such an opinion.

"Trial courts have broad discretion in deciding the admissibility of evidence." *State v. Mason*, 95 S.W.3d 206, 211 (Mo.App.2003). A reviewing court upholds the trial court's determination of admissibility unless the trial court clearly abused its discretion and prejudice resulted. *Id.* As a rule, " '[t]he testimony of a witness must be based upon [personal] knowledge.' " *Francis v. Richardson*, 978 S.W.2d 70, 73 (Mo.App.1998) (quoting *Cummings v. Tepsco Tenn. Pipe & Supply Corp.*, 632 S.W.2d 498, 500 (Mo.App.1982)). "If the testimony of a witness, read as a whole, conclusively demonstrates that whatever he may have said with respect to the issue under investigation was a mere guess on his part ..., his testimony on the issue cannot be regarded as having any probative value." *Cummings*, 632 S.W.2d at 500. However, " '[a]n opinion, when not a mere guess or conjecture, but an inference drawn by one of requisite experiential capacity from adequate data, is evidence.' " *State v. West*, 766 S.W.2d 103, 109 (Mo.App.1989) (quoting 4 WIGMORE ON EVIDENCE (2d ed.) pp. 100–25).

The State offered Officer Brashear's testimony that Mr. Howell and the victim were in a dating relationship to prove this element of the offense. Officer Brashear testified that he had encountered both the victim and Mr. Howell at the victim's residence upon several dispatches to the victim's current and previous residences. The evidence established that, at a minimum, Officer Brashear saw Mr. Howell and the victim together at her residence on several occasions.[2] Officer Brashear further testified that he had observed Mr. Howell sleeping at the victim's current and previous residences and that Mr. Howell kept some of his possessions at both resi-

---

2. No evidence was presented at trial regarding the number of occasions.

dences. Evidence of what Officer Brashear personally observed to be the relationship between Mr. Howell and the victim on several occasions was admissible because Officer Brashear was testifying based upon his own knowledge and experience.

 Officer Brashear also testified that Mr. Howell had told him that he was having a relationship with the victim. A witness's testimony to an out-of-court statement of another that is offered to prove the truth of the matter asserted in the statement is generally excluded as hearsay. *State v. Mozee*, 112 S.W.3d 102, 107 (Mo.App.2003). The admission of a party opponent, however, is not hearsay. *State v. Gilmore*, 22 S.W.3d 712, 718 (Mo. App.1999). All that is required for the admission of a party opponent to be admitted into evidence is that "'the statements must be material to the issues of the case, must have sufficient probative value to be relevant, and must be offered by the opposing party.'" *Id.* (quoting *State v. Brown*, 833 S.W.2d 436, 439 (Mo.App. 1992)).

The statement in this case, which was offered by the State, was Mr. Howell's statement to Officer Brashear in which Mr. Howell voluntarily acknowledged that he was in a dating relationship with the victim. This statement was probative on the disputed issue of whether Mr. Howell was, in fact, having a social relationship of a romantic or intimate nature with the victim. This issue was material, as it is an element of domestic assault in the third degree.

Mr. Howell claims that the State had the burden of proving each element of domestic assault in the third degree without relying on his extrajudicial admissions, statements, or confessions. He cites *City of Albany v. Crawford*, 979 S.W.2d 574, 575 (Mo.App.1998), in support of this proposition. Mr. Howell misconstrues *City of Al-*

*bany*. In that case, this court held that the State failed to prove an essential element of the offense charged because the only evidence offered was the officer's testimony as to the defendant's extrajudicial statements. *Id.* The difference between *City of Albany* and this case is that the State did not rely solely on Mr. Howell's extrajudicial statements. Rather, the State also offered as evidence Officer Brashear's testimony based upon his personal observation of the relationship between Mr. Howell and the victim.

The trial court did not err in allowing Officer Brashear to testify regarding his personal observations that Mr. Howell and the victim were together at both the victim's current and former residences, Mr. Howell slept at both residences, and some of his belongings were kept at each residence. Officer Brashear's observations, coupled with Mr. Howell's admission that he and the victim were dating, were sufficient evidence from which the trial court could reasonably find that the victim and Mr. Howell were in a continuing social relationship of a romantic or intimate nature. Mr. Howell's first point is denied.

### Sufficient Evidence of Causation

 In his second point, Mr. Howell argues that the trial court erred in denying his motions for acquittal at the close of the State's evidence and at the close of all the evidence. He claims there was insufficient evidence to convict him of the class A misdemeanor of domestic assault in the third degree because the State failed to prove that his acts caused the victim's physical injuries.

 This court reviews the sufficiency of the evidence in a court-tried criminal case by applying the same standard used in a jury-tried case. *State v. Dawson*, 985 S.W.2d 941, 946 (Mo.App.1999). Appellate

review is limited to determining whether there was sufficient evidence from which a reasonable trier of fact might have found the defendant guilty beyond a reasonable doubt. *State v. Hawthorne,* 74 S.W.3d 826, 828 (Mo.App.2002). The State may prove its case by presenting either direct or circumstantial evidence connecting the defendant to each element of the crime. *Dawson,* 985 S.W.2d at 947. In reviewing the evidence, this court "accepts as true all evidence favorable to the state, including all favorable inferences drawn from the evidence," and disregards all contrary evidence and inferences. *State v. Crawford,* 68 S.W.3d 406, 407–08 (Mo.2002). The trial court determines the weight and credibility of the testimony of the witnesses. *Id.* at 408. The trial court "may believe all, some, or none of the testimony of a witness when considered with the facts, circumstances and other testimony in the case." *Id.*

The State charged Mr. Howell with recklessly[3] causing physical injury to the victim by "grabbing her by the neck, jerking her up off the couch, throwing her back on to the couch and jerking her up

again." Section 562.016.4 provides that "[a] person 'acts recklessly' or is reckless when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." Mr. Howell does not dispute that he acted recklessly.

Nor does Mr. Howell dispute that the victim suffered physical injury, which is defined as "physical pain, illness, or any impairment of physical condition" under section 556.061(20), RSMo Cum.Supp.2003. Indeed, in his argument in this point, Mr. Howell refers to the two photographs admitted during Officer Brashear's testimony and states that "[b]oth photographs depict *injuries [the victim] was observed to have;* she had a fresh split to her bottom lip and redness around her neck." (Emphasis added.) Mr. Howell does not dispute that either the victim's split bottom lip or the redness and bruising around her neck were sufficient to meet the definition of "physical injury" under section 556.061(20).[4]

---

**3.** The information specifically charged that Mr. Howell "attempted to cause and/or recklessly caused physical injury" to the victim. While the *mens rea* of attempting to cause physical injury would support a conviction of either the class C felony of domestic assault in the second degree or its lesser included offense of the class A misdemeanor of domestic assault in the third degree, the *mens rea* of recklessly causing physical injury would support a conviction of only the class A misdemeanor of domestic assault in the third degree. *See* sections 565.073.1(1) and 565.074.1(1). Mr. Howell argues that he was found not guilty of attempting to cause physical injury because he was convicted of the misdemeanor rather than the felony. This court need not address Mr. Howell's argument, because it is undisputed that Mr. Howell acted recklessly, and a finding of recklessness is sufficient to uphold his misdemeanor conviction.

**4.** The State misinterpreted Mr. Howell's point as disputing the sufficiency of the evidence on the element of physical injury. Thus, the State's response in its brief focuses entirely on whether the evidence was sufficient to support a finding that the victim suffered a "physical injury," as that term is defined in section 556.061(20). While Mr. Howell's point relied on is somewhat vague, as it alleges that the trial court erred in overruling his motions to acquit "in that there was no evidence that Mr. Howell recklessly caused physical injury to [the victim] because there was no evidence offered at trial that any action committed by Mr. Howell caused physical injury to [the victim]," his *argument under this point is clear that the only element he is disputing is causation and not whether the victim suffered a physical injury.

Rather, the element Mr. Howell disputes is causation. Specifically, he argues that there was no evidence that his reckless conduct of grabbing the victim twice by the shirt around her neck, jerking her up off the couch, yelling into her face, and throwing her back down on the couch, *caused* the victim's physical injuries of redness and bruising around her neck and a split bottom lip. Mr. Howell contends that, with regard to the redness around the victim's neck, Officer Brashear testified that he could not "say one hundred percent" that the redness was caused by Mr. Howell's "grabbing her shirt, hauling her up."

 Officer Brashear did not have to be "one hundred percent" certain, however. "The law does not require that every witness have absolute and certain knowledge of every fact as to which the witness testifies." *State v. Chamberlin,* 872 S.W.2d 615, 619 (Mo.App.1994). "There is a degree of accommodation made to uncertainty where the witness has a reasonable measure of qualification to testify concerning the matter in question, either because of opportunity to observe or because of rational inferences from adequate data." *Id.* Officer Brashear unequivocally testified that he saw Mr. Howell's hands "up around the neck area" of the victim. Because of his vantage point, he was unsure only as to whether Mr. Howell grabbed the victim by her neck, the shirt collar around her neck, or both her neck and shirt collar. Whether Mr. Howell held the victim by her neck, the shirt collar around her neck, or both is immaterial, as Officer Brashear saw Mr. Howell use his hold around the victim's neck area to jerk the victim up off the couch, throw her back down, and jerk her up off the couch a second time. Even if Mr. Howell was holding on to the victim's shirt collar instead of her neck, Officer Brashear testified that grabbing a person by the shirt collar, twisting, and using the shirt collar to pull the person up would create tension on the back and front of the shirt and pull the shirt around the person's neck, "kind of in a choking restraint." Officer Brashear inferred that Mr. Howell's conduct caused the redness and bruising he saw around the victim's neck immediately after. Redness and bruising are consistent with constriction around the neck. Thus, this was a reasonable inference for Officer Brashear to draw based upon what he observed. *Id.* The trial court was free to believe and accept his inference. *See Crawford,* 68 S.W.3d at 408. Indeed, the trial court could have reasonably drawn this inference on its own, based solely upon Officer Brashear's testimony regarding Mr. Howell's conduct and the nature of the injury to the victim's neck. The trial court also viewed the pictures of the victim. There was sufficient evidence from which a reasonable trier of fact could have found, beyond a reasonable doubt, that Mr. Howell's reckless conduct caused the victim's injury to her neck. Mr. Howell's second point is denied.[5]

The judgment is affirmed.

LOWENSTEIN, SPINDEN, SMART, EDWIN H. SMITH, HOWARD, NEWTON, HOLLIGER and HARDWICK, JJ., concur.

ELLIS, C.J., dissents in separate opinion filed.

ULRICH, J., concurs in the dissenting opinion of ELLIS, C.J.

---

5. Because this court has found that the evidence was sufficient to prove that Mr. Howell's reckless conduct caused the injury to the victim's neck, this court need not decide whether the evidence was sufficient to prove that his reckless conduct caused the injury to her bottom lip.

JOSEPH M. ELLIS, Chief Judge, dissenting.

I must respectfully dissent. The evidence presented at trial was insufficient to support Appellant's conviction for domestic assault in the third degree, as the evidence does not establish beyond a reasonable doubt that Appellant caused physical injury to the victim.

" 'In order to convict a defendant of a criminal offense, the State is required, as a matter of due process, to prove beyond a reasonable doubt each and every element of the offense.' " *State v. Sellmeyer*, 108 S.W.3d 780, 782 (Mo.App. W.D.2003) (quoting *State v. White*, 92 S.W.3d 183, 192 (Mo.App. W.D.2002)). Accordingly, in reviewing a criminal defendant's claim that his or her conviction is not supported by the evidence, "[t]his court must decide whether all the evidence, direct and circumstantial, is sufficient to provide a rational factfinder with proof beyond a reasonable doubt as to the elements of the crime." *State v. Kimberley*, 103 S.W.3d 850, 857 (Mo.App. W.D.2003). In making that determination, this court must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the State and disregard evidence and inferences to the contrary. *State v. Deadmon*, 118 S.W.3d 625, 627 (Mo.App. S.D.2003). The Court may not, however, " 'supply missing evidence, or give the [State] the benefit of unreasonable, speculative or forced inferences.' " *State v. Whalen*, 49 S.W.3d 181, 184 (Mo. banc 2001) (quoting *Bauby v. Lake*, 995 S.W.2d 10, 13 n. 1 (Mo.App. E.D.1999)).

In the information filed by the State, Appellant was charged with recklessly causing physical injury to the victim by "grabbing her by shirt around her neck, jerking her up off the couch, holding her in front of his face, yelling something into her face, throwing her back down on the couch and reaching down a second time and grabbing her again." Thus, as part of its case, the State was required to prove, beyond a reasonable doubt, that Appellant's reckless actions caused physical injury to the victim. "Physical injury" is defined as "physical pain, illness, or any impairment of physical condition." § 556.061(20). The State failed to meet its burden of establishing that any action on the part of Appellant caused physical injury to the victim.

At trial, Officer Brashear, who was the only witness to testify, stated on cross-examination that, although he noticed that the victim had a freshly split lip with fresh blood and red marks on her neck, he could not conclude how the victim had sustained the split lip or exactly how Appellant had grabbed the victim. Officer Brashear testified, in relevant part:

Q: There was nothing about what you observed that would explain a split lip, was there?

A: No, sir.

\* \* \*

Q: And you're saying that the Defendant pulled her up by her shirt collar?

A: It appeared to be. His hands were approximately in this area (indicating). Now, whether he was grabbing the neck and the shirt got mixed in with it, or if he grabbed her neck, twisted it, and jerked her up by her shirt, I cannot exactly say because I seen it [sic] from the back side. But his hands was up around the neck area.

Q: So, if he had, as you say, grabbed by the shirt, that would put tension on the back of the shirt, wouldn't it, to pull somebody up?

A: It would put tension on the back, as well as the front, if he grabbed and twisted. It would pull the entire shirt

around the neck, kind of in a choking restraint.

Q: But your testimony is that you didn't see exactly how he grabbed her.

A: Not exactly. Not from my point of view.

Q: So from your testimony, you can't say that this little bit of redness there is from him grabbing her shirt, hauling her up?

A: I cannot say one hundred percent.

No direct evidence was presented by the State at trial to prove that Appellant's actions caused the victim's injuries. Officer Brashear's testimony reflects that he never observed Appellant striking the victim in any way during the incident. The photographs of the victim, while showing the victim's lip with what may be described as a moderate injury, by themselves do not demonstrate conclusively that she had been struck. Absent additional evidence, it cannot reasonably be inferred from the evidence, beyond a reasonable doubt, that any action on the part of Appellant caused the victim's split lip. While the trier of fact may have suspected that Appellant had struck the victim in the face causing her split lip, a reasonable person could not conclude from the evidence, without resorting to speculation and conjecture, that Appellant had caused the injury to the victim's lip.

With regard to the redness on the victim's neck depicted in one of the photographs taken by Officer Brashear, the redness is barely visible in the photograph and is, by itself, insufficient to establish that the victim sustained physical injury within the meaning of the statute. Likewise a statement that the victim's neck or neck area was red, without additional evidence related to the nature of the redness establishing that it resulted from injury, is insufficient to prove beyond a reasonable doubt that the redness was the result of an injury or that Appellant was the cause of that injury. In short, the mere fact that the victim had redness around her neck does not sufficiently establish that Appellant's actions caused her physical injury.

Furthermore, Officer Brashear's testimony reflects that he was not certain that the actions he observed, from his position of limited visibility, caused the redness on the victim's neck. Indeed, in his testimony, the officer is even unclear as to what actions he actually observed on the part of Appellant. Both Officer Brashear and the Majority rely entirely upon speculation and conjecture in concluding that the redness around the victim's neck resulted from the actions of Appellant.

The evidence presented at trial was insufficient to prove Appellant's guilt of domestic assault in the third degree, as charged by the State. The evidence simply does not establish, beyond a reasonable doubt, that the actions of Appellant physically injured the victim. In reaching its conclusion to the contrary, the Majority relies upon Officer Brashear's and its own speculation that the injuries were likely caused by the actions of Appellant. It is the duty of this court, however, to "seek to make sure that the finding of guilt is not based on speculation." *State v. Kimberley,* 103 S.W.3d at 857.

I would, therefore, reverse Appellant's conviction.