**STATE of Missouri, Plaintiff–Respondent,**

v.

**William E. ISGRIGGS, Defendant–Appellant.**

**No. SD 29594.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 8, 2009.

Margaret M. Johnston, Columbia, MO, for appellant.

Chris Koster, Atty. Gen. and Mary H. Moore, Asst. Atty. Gen., Jefferson City, MO, for respondent.

MARK E. ORR, Special Judge.

William Isgriggs (defendant) was originally charged in Crawford County with the class C felony of stealing in violation of

§ 570.030.[1] The amended information alleged that the defendant appropriated copper wire of a value in excess of $500.00 without the consent of the owner, S & S Well Drilling and Pump Company. Venue was changed to Dent County where the defendant waived his right to a jury trial. After a trial to the court, defendant was found guilty of stealing copper wire valued at over $500.00. The court further found defendant to be a prior and persistent offender. Defendant was sentenced to five years in the Department of Corrections. This appeal followed.

The defendant argues that the trial court erred in overruling defendant's motion for acquittal at the close of the evidence. The sole issue raised on appeal is whether the state met its burden to prove beyond a reasonable doubt that the property stolen by the defendant had a value of $500.00 or more.

A defendant may waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. Rule 27.01(b).

When reviewing a challenge to the sufficiency of the evidence, this court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence; all contrary evidence and inferences are disregarded. *State v. Crawford,* 68 S.W.3d 406, 407–08 (Mo. banc 2002); *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993).

Viewed in the light most favorable to the verdict, the evidence at trial is as follows.

Steven Stephens, one of the co-owners of S & S Well Drilling and Pump Company, testified that his company kept an inventory of copper wire and brass fittings stored outside their shop building in Crawford County. The copper wire was stored in spools of 1000 feet each.

Mr. Stephens testified that in March 2007, he received a telephone call from a friend who was also in the well drilling business who reported that someone sold cable to a recycling center in Washington, Missouri, and inquired whether Mr. Stephens had lost any such property.

Upon checking, Mr. Stephens discovered that his entire inventory of copper cable was missing, as well as a number of brass fittings. He described the copper cable as submergible pump cable specifically designed to be used in his industry and stated that it was readily identifiable. He said he was missing a number of brass fittings that he said would fill a five-gallon bucket.

Mr. Stephens said the missing copper wire and brass fittings together were valued at approximately $4,000.00. The state's amended information only charged defendant with the theft of the copper wire. Mr. Stephens was never asked to value the copper separately.

Mr. Stephens went to a recycling company in Franklin County where he examined the copper wire and brass fittings and identified both items as the same type and quantity taken from his business without permission.

Linda Brinker, the owner of Franklin County Recycling in Washington, Missouri, testified that she operates a metal recycling shop that buys metal from the public and that on March 21, 2007, the defendant, along with two other men, came to her shop. She identified defendant as the man who told her he had some wire to sell. He showed her to the trunk of his car where she saw new wire that looked like it had recently been unwound from the roll, as well as wire or bolt cutters.

---

1. References to statutes are to RSMo Cum. Supp.2006.

According to Ms. Brinker, defendant said he had a mobile home business that was going out of business and that he wanted to get rid of this wire. He also said he would be coming back soon with more wire from scrapping out some house trailers.

Ms. Brinker said that during the first transaction, she gave defendant $315.90. Defendant and the other two men came back the next day with more rolls of wire that she purchased for $432.25. Defendant also asked her how much she would pay for some brass fittings that he said belonged to his dad. Defendant sold them to her in a separate transaction. According to defendant, both payments for the new wire were to be split up three ways, but the payment for the brass fittings was to go solely to defendant because he said the brass fittings belonged to his father.

Ms. Brinker stated that she was suspicious of where the wire came from because it was new; that she discussed the transaction and the wire with her husband and that they called some local well drillers to see if they were missing any wire. Defendant, before leaving, told her he would be coming back when he had more scrap to sell.

The state called Timothy Cunningham, a detective with the Crawford County Sheriff's Department, who stated that in a post-Miranda interview with defendant, the defendant admitted being at the recycling center with two other men, but said the wire had been given to him by a scrap collector named John Marsh. Defendant identified one of the men with him as Randy Whitley and said he only knew the other man as "Joe." The detective testified that he visited Marsh's property and didn't find any items similar to the new wire or new brass fittings that had been sold to the recycling center.

The detective also testified that while defendant was being held in jail, the detective received a written request from defendant to interview a man named Joe Ransom who was also being held at the jail. Defendant's request said that this was the other person with him and he should be questioned about the copper. In an interview with the detective, Mr. Ransom said he could not function in society; that he wanted to go back to jail; that defendant did not participate in stealing the wire.

At the close of the state's evidence, defendant moved for judgment of acquittal arguing that the state failed to prove that the material stolen by defendant had a value in excess of $500.00. In overruling the motion, the trial court stated "The record will reflect that it was four thousand dollars worth of wire and brass fittings, and the testimony of the witness, the unbiased witness, Ms. Brinker, testified that what was sold exceeded the value of five hundred dollars."

The defense called Joseph Ransom who was incarcerated for receiving stolen property based on the same theft. He testified that he stole the wire and brass fittings from S & S Well Drilling, and that he hid the items on John Marsh's property. He denied that defendant was with him at the well driller's business.

Mr. Ransom stated that a day or two after the theft, he asked defendant for a ride to go sell the wire and brass. They agreed to split the money received and Ransom denied telling defendant that the wire was stolen. He said the money was split three ways and he received $150.00 during one trip.

Defendant testified on his own behalf and said that in March 2007, he was asked to give Ransom a ride to haul some scrap metal; that they went to John Marsh's and picked up some copper wire. Defendant said Randy Whitley brought along a bag of

brass fittings; that they took the wire to R & R Recycling but did not sell it there because the price was too low. They proceeded on to the Franklin County Recycling Center and sold the wire. They returned the next day and sold additional wire. Defendant denied knowing the wire was stolen. Defendant said they got a total of $515.00 from the Franklin County Recycling Center and that he received $150.00. The money for the wire was divided equally three ways. Defendant said the money for the sale of the brass was given to him and he gave all of it to Joe. Defendant said Joe Ransom got $150.00 for the copper wire and that the money for the brass was separate.

At the close of all the evidence, defense moved for a judgment of acquittal on the same grounds. The court overruled the motion.

The testimony of Mr. Stephens established that the total value of the copper wire and brass fittings stolen from S & S Well Drilling was in excess of $4,000.00. According to Ms. Brinker, defendant sold the copper wire at the recycling center in two transactions receiving $315.90 on March 21 and $432.25 on March 22, 2007, for a total of $748.15.

In reviewing the denial of a motion for judgment of acquittal, the court must determine if the state presented sufficient evidence to make a submissible case. *State v. Johnson*, 244 S.W.3d 144, 152 (Mo. banc 2008). The court must determine whether there is sufficient evidence from which the trier of fact may have found the defendant guilty beyond a reasonable doubt. *Id.* Deference is granted to the superior position of the trier of fact to assess the credibility of witnesses and the weight and value of their testimony. *Id.*

The trial court found the testimony of Ms. Brinker as to the value of the copper wire to be credible and of such weight as to support the trial court's finding of this element of the charge beyond a reasonable doubt.

We hold that the evidence presented was sufficient to allow a reasonable factfinder to find beyond a reasonable doubt that the copper wire stolen by defendant had a value of at least $500.00. The trial court did not err in overruling defendant's motion for judgment of acquittal. The judgment of the trial court is affirmed.

SCOTT, C.J., and RAHMEYER, J., concur.