**STATE of Missouri, Respondent,**

v.

**John SMITH, Appellant.**

**No. ED 96004.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 27, 2011.

Maleaner Harvey, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Robert J. Bartholomew, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The defendant, John Smith, appeals the judgment entered by the Circuit Court of the City of St. Louis following his conviction by a jury of first-degree burglary, in violation of section 569.160 RSMo. (2000).[1] The trial court sentenced the defendant as a prior and persistent offender to a five-year term of imprisonment. Because we conclude that the evidence was insufficient to prove beyond a reasonable doubt that the defendant was the person who unlawfully entered the victim's home, we reverse the judgment and remand the cause for the discharge of the defendant.

The victim was in her kitchen the afternoon of July 23, 2009 when she looked out a window on the side of her house, and saw a man, aged fifty to sixty years old, wearing a red baseball cap and a red Hawaiian-style shirt. He walked past the window toward the front of her house. The victim went to her dining room window, but could not see the man. She then went to the telephone in her living room.

The victim heard a banging on her home's exterior door leading from the laundry room to the yard, and she called 911. The victim then heard the alarm sound on the door leading from her laundry room into the kitchen, meaning that someone had opened that door. When the alarm sounded, the victim ran out the front door. She paused at the bottom of the steps, and heard someone yell "hello" from inside the house. The victim then ran across the street to her neighbor's. She did not see the person pounding on her door, nor did she see the person who entered her house. The frame of the home's

---

1. All statutory references are to RSMo. (2000).

exterior door was damaged, and the victim testified that it had not been damaged prior to this incident. Nothing was stolen from the victim's home.

Shortly after the incident, about two blocks from the victim's home, a police officer detained an individual fitting the description of the suspect that the victim provided. There was no evidence that the individual tried to flee police or otherwise behaved suspiciously, nor did he have any stolen items with him. The victim identified that individual—the defendant—as the man she saw in her yard.

At trial, the victim and the police officer who detained the defendant testified. The victim also testified that her house faced the street with an alley running along one side of the house, and she acknowledged that it was not unusual for people to cut through her yard. She could not remember whether her backyard fence was intact and standing on the day in question. The victim testified that she saw no one else— other than the individual fitting the defendant's description—in her yard around the time of the incident, but no one asked the victim whether she would have been able to see whether anyone else was in her yard around that time she looked through the kitchen window.

■ The defendant claims the trial court erred in denying his motion for judgment of acquittal, and challenges the sufficiency of the evidence. We review a trial court's denial of a motion for judgment of acquittal to determine whether the State adduced sufficient evidence to make a submissible case. *State v. Wren,* 317 S.W.3d 111, 119 (Mo.App. E.D.2010). When a defendant challenges the sufficiency of the evidence, we accept as true all evidence favorable to the State, including all favorable inferences drawn from the evidence, and we disregard all evidence and inferences to the contrary. *State v. Grim,* 854

S.W.2d 403, 405 (Mo. banc 1993). We limit our review to determining whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.*

The State charged the defendant with first-degree burglary pursuant to section 569.160.1 in that the defendant knowingly entered unlawfully an inhabitable structure possessed by the victim for the purpose of committing a stealing therein, and in effecting entry there was present in the structure the victim, a person who was not a participant in the crime.

■ On appeal, the defendant contends that the State failed to prove beyond a reasonable doubt that he was the person who entered the victim's house. We agree. While the State proved beyond a reasonable doubt that some person committed a first-degree burglary of the victim's home, the State failed to prove beyond a reasonable doubt that the defendant was that person. The conviction rests on the coincidence of the victim seeing the defendant walking through her yard, someone breaking into her home, and the defendant's presence some two blocks away shortly thereafter.

But the victim never saw the person who pounded on her back door and who entered her kitchen. And the State did not establish a detailed timeline of events, from when the victim first saw the defendant, to when she heard the banging on her back door, to when she heard the kitchen door open, to when she heard the person in her home shouting "hello." Also, there was no evidence that the victim would have been able to see whether anyone else was in her yard around that time. The victim could not remember whether her backyard fence was intact and standing at the time of this incident, and she acknowledged that it was not unusual for

people to cut through her yard. There was no evidence that when police stopped the defendant he tried to flee or otherwise behaved suspiciously, and the defendant had no stolen property on his person.

The evidence was not sufficient for a reasonable juror to find the defendant guilty beyond a reasonable doubt. Proof beyond a reasonable doubt is proof that leaves the fact-finder firmly convinced of the defendant's guilt. MAI–CR 3d 302.04. While we agree that the circumstances are suspicious, the evidence nevertheless falls short of proof that could leave a reasonable juror firmly convinced of the defendant's guilt.

The State asks—in the event we determine the evidence insufficient to support the defendant's conviction for first-degree burglary—that we enter a conviction for first-degree trespass. This we cannot do. The evidence established only that the defendant unlawfully entered the victim's yard, not that he unlawfully entered her house.

The State, however, charged the defendant with first-degree burglary by unlawfully entering an inhabitable structure. When the charge specifies the act constituting the crime, the State must prove that act. *State v. Edsall*, 781 S.W.2d 561, 564 (Mo.App. S.D.1989); *State v. Pope*, 733 S.W.2d 811, 813 (Mo.App. W.D.1987). Unlawfully entering an inhabitable structure, then, is the act the State had to prove in order for the jury to convict the defendant of either first-degree burglary or first-degree trespass. But this is precisely the act that the evidence fails to establish beyond a reasonable doubt. Thus, we cannot enter a conviction for first-degree trespass as the State requests.[2]

We hold that the evidence failed to establish beyond a reasonable doubt that the defendant was the person who entered the victim's home. We reverse the trial court's judgment and remand the cause to the trial court for the discharge of the defendant.

KATHIANNE KNAUP CRANE, P.J. and KENNETH M. ROMINES, J., concur.

---

2. The State could have, but did not, alternatively charge the defendant with a burglary of the victim's home and a trespass of the victim's yard.