**STATE of Missouri, Plaintiff/Respondent,**

**v.**

**Sean D. HIBLER, Defendant/Appellant.**

**No. ED 99285.**

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 26, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 30, 2014.

Application for Transfer Denied March 25, 2014.

William Swift, Columbia, MO, for Appellant.

Gregory Barnes, Jefferson City, MO, for Respondent.

LISA S. VAN AMBURG, Presiding Judge.

## INTRODUCTION

Sean Hibler appeals the judgment entered upon a jury verdict convicting him of one count of unlawful use of a weapon, section 571.030, RSMo (Cum.Supp.2011). In his sole point on appeal, Hibler contends the trial court erred in denying his motion for judgment of acquittal because the evidence was insufficient to prove that he acted with the required mental culpability when he shot into a dwelling house. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts, construed in the light most favorable to the verdict, are as follows. On the morning of December 19, 2011, Hibler drove to his then-separated wife's residence in the Glasgow Village neighborhood in St. Louis County. When he arrived, Hibler walked through her yard to the bedroom window, rapped on the glass, and shouted to be let in. When his wife opened the door, he followed her guest out through the backdoor, and confronted him in her driveway. A physical altercation ensued, and the man quickly wrestled Hibler into submission. Once subdued, Hibler assured the man he would not escalate the conflict further and so the man released him. Once released, Hibler immediately dashed to his car, grabbed a gun, turned, and fired four shots at the man, who fled across the front of a neighboring residence. The first three shots missed the man and struck the residence behind him, while the fourth shot struck him, and left blood splattered on the corner of the residence. Of the rounds that missed their target, one round passed through a bedroom window and struck the headboard of a bed, while the other two struck the brick veneer in the lower wall outside of the house.

Soon thereafter, Hibler was arrested and charged by indictment with multiple felonies, including one count of unlawful use of a weapon, section 571.030, for firing his gun into the dwelling house behind the man he shot.[1] Hibler was ultimately found

---

1. In addition to being charged with one count of unlawful use of a weapon, Hibler was charged with one count of burglary in the first degree, section 569.160, RSMo (2000), one count of assault in the first degree, section 565.050, RSMo (2000), one count of armed criminal action, section 571.015,

guilty of unlawful use of a weapon and acquitted of all other charges. The trial court found him to be a prior and persistent offender and sentenced him to seven years' imprisonment. This appeal follows.

## STANDARD OF REVIEW

■■■ "We review a trial court's denial of a motion for judgment of acquittal to determine whether the State adduced sufficient evidence to make a submissible case." *State v. Smith,* 355 S.W.3d 560, 562 (Mo.App. E.D.2011). Our review of a "sufficiency of the evidence claim 'is limited to determining whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.'" *State v. Bowman,* 337 S.W.3d 679, 688 (Mo. banc 2011) (quoting *State v. Crawford,* 68 S.W.3d 406, 408 (Mo. banc 2002)). We view the evidence in the light most favorable to the verdict, accepting as true all evidence and inferences supporting the conviction "and all contrary evidence and inferences are disregarded 'unless they are such a natural and logical extension of the evidence that a reasonable juror would be unable to disregard them.'" *Id.* (quoting *State v. Grim,* 854 S.W.2d 403, 411 (Mo. banc 1993)).

## DISCUSSION

In his sole point, Hibler argues that the trial court erred in entering judgment upon the jury's verdict because there was insufficient evidence to support his conviction for unlawful use of a weapon. Specifically, Hibler argues the evidence was insufficient to prove that he "knowingly" discharged a firearm into a dwelling house because the evidence showed that he was attempting to shoot at a person standing in front of the dwelling house, rather than shoot into the dwelling house itself. We disagree.

RSMo (2000), and two counts of tampering with a witness, section 575.270, RSMo (Cum.

■■■ A defendant will be found guilty of unlawful use of a weapon when such person, inter alia, knowingly "[d]ischarges or shoots a firearm into a dwelling house." Section 571.030(3). Accordingly, a conviction for unlawful use of a weapon requires proof that the defendant acted "knowingly" as an element of the offense. The term knowingly is defined in section 562.016.3, RSMo (2000), as follows:

> A person "acts knowingly," or with knowledge,
>
> (1) With respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist; or
>
> (2) With respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result.

"Knowing conduct necessarily involves awareness that the conduct is practically certain to cause the result, [whereas] recklessness involves an awareness of risk that is of a probability less than a substantial certainty." *State v. Pulley,* 356 S.W.3d 187, 192 (Mo.App. E.D.2011). "Direct proof that a person acted 'knowingly' is often unavailable and is usually inferred from evidence of the circumstances surrounding the incident." *State v. Browning,* 357 S.W.3d 229, 235 (Mo.App. S.D. 2012) (quoting *State v. Fackrell,* 277 S.W.3d 859, 863–64 (Mo.App. S.D.2009)); *see also State v. Blom,* 45 S.W.3d 519, 521 (Mo.App. W.D.2001); *State v. Holleran,* 197 S.W.3d 603, 613 (Mo.App. E.D.2006).

■■■ Here, Hibler fired four shots in the direction of a dwelling house, one of which passed into it and two of which struck the outside of the house. *See State v. Goddard,* 34 S.W.3d 436, 439 (Mo.App. W.D. 2000) (holding section 571.030 requires a defendant to shoot from outside to "inside"

Supp.2005), based on the series of events surrounding this incident.

the dwelling). The fourth shot struck the man. Accordingly, the dwelling was clearly in Hibler's line of fire when he shot at the man. There was evidence that Hibler was familiar with his immediate surroundings, aware of the fact that a dwelling was directly behind the fleeing man,[2] and aware that he was discharging his weapon multiple times in the direction of that dwelling.

■■■ Hibler contends that the jury could not reasonably infer from this evidence that he "knowingly" discharged his firearm into the dwelling since the evidence shows he intended to shoot the person in front of the dwelling. A shooter, however, can aim at a target in front of a dwelling and knowingly shoot into a dwelling that sits directly behind that target. Just as evidence of a single gunshot in the direction of multiple human targets can support multiple convictions for assault if the shooter was aware of the high likelihood of hitting multiple targets, see *State v. McAllister*, 399 S.W.3d 518, 522 (Mo. App. E.D.2013), so too can evidence of gunshots in the direction of a dwelling if the shooter is aware of that dwelling and the high likelihood of hitting it. Because common sense dictates that firing multiple rounds at a moving target creates a high likelihood that whatever is behind that target will also be hit, a jury could reasonably infer that Hibler acted "knowingly" when he fired into the dwelling behind the fleeing man. Indeed, even if Hibler initially assumed that he was less than practically certain to strike the dwelling, he would have been disabused of that notion once his first shot missed the man he was targeting. Yet he knowingly fired three more rounds in the same direction, two of which again struck the dwelling and only the last of which struck the man. From

this evidence, the jury could have reasonably inferred that Hibler knew at least one of his shots was practically certain to travel into the dwelling. Accordingly, the trial court did not err in denying his motion for judgment of acquittal because the State produced sufficient evidence to prove that Hibler knowingly discharged a firearm into a dwelling house. Point denied.

## CONCLUSION

For the reasons set forth above, we affirm.

PATRICIA L. COHEN, J., and GARY M. GAERTNER, JR., J., concur.

---

2. The close proximity of the dwelling house to the man is readily apparent from the fact that the man's blood splattered on the side of the house when he was struck by the fourth bullet discharged from Hibler's gun.