

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | WD85141 |
| v. | ) | |
| | ) | OPINION FILED: |
| | ) | May 9, 2023 |
| ROGER D. IMAN, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Johnson County, Missouri**
**The Honorable Brent F. Teichman, Judge**

**Before Division Four:** Gary D. Witt, Chief Judge, Presiding,
and Mark D. Pfeiffer and Thomas N. Chapman, Judges

Mr. Roger Iman ("Iman") appeals the judgment of the Circuit Court of Johnson County, Missouri ("trial court"), convicting him of domestic assault in the second degree and unlawful use of a weapon. On appeal, Iman asserts a sufficiency-of-the-evidence challenge to the verdict, claiming that there was insufficient evidence for the trial court to find that he "knowingly" injured the victim's *hand* when he lunged at the victim's *throat* with a knife. We affirm.

## Factual and Procedural Background

The victim to this crime was the boyfriend of Iman's adult daughter ("Victim"). Victim and Iman's daughter resided at the home of Iman and Iman's wife, Ms. Karen Iman.

On September 17, 2021, at around 11:30 in the evening, Victim left the bedroom he shared with Iman's daughter to get a drink of water. In the kitchen he encountered Iman. Iman, who was intoxicated, berated Victim about Victim's treatment of his dog. The two argued but the verbal altercation quickly turned physical. First, Iman swung at Victim with a stick. Victim wrested the stick from Iman, threw it to the ground, and told Iman to go to bed. Instead, Iman found an aluminum bat and began swinging it at Victim.

Iman's daughter (Victim's girlfriend) and wife came to see what the commotion was about at the time Victim was reaching for his dog and Iman had pulled out a knife and approached Victim. Iman's daughter warned Victim that Iman had a knife at the same time Iman lunged toward Victim with the knife. Though Iman succeeded in puncturing Victim's neck, Victim had instinctively taken defensive measures to block the brunt of the knife-stabbing with his right hand. However, in so doing, Victim sustained serious injuries to his hand that would later require surgery.

After he was stabbed, Victim retreated to his bedroom to attempt to treat his injuries before going outside and waiting until the police arrived.

After the police questioned Iman at the scene, he was arrested and charged with domestic assault in the second degree and unlawful use of a weapon. After a bench trial,

the trial court found Iman guilty as charged and sentenced him to three-year sentences for each charge, to run concurrently. The trial court suspended execution of the sentences but imposed six months of shock incarceration in the Johnson County Jail and five years of supervised probation.

This timely appeal followed.

## Standard of Review

In reviewing the sufficiency of the evidence, we accept as true all evidence favorable to the State and disregard all evidence and inferences to the contrary. Our review is limited to determining whether there is sufficient evidence from which a reasonable [fact-finder] might have found the defendant guilty beyond a reasonable doubt. When reviewing sufficiency of the evidence to support a criminal conviction, we do not act as a "super juror" with veto powers; rather, we give great deference to the trier of fact. We will not weigh the evidence anew since the fact-finder may believe all, some, or none of the testimony of a witness when considered with the facts, circumstances and other testimony in the case.

*State v. Morse*, 498 S.W.3d 467, 470-71 (Mo. App. W.D. 2016) (citations omitted) (internal quotation marks omitted). *See also State v. Naylor*, 510 S.W.3d 855, 859 (Mo. banc 2017).

## Analysis

On appeal, Iman only contests the sufficiency of evidence on his conviction for domestic assault in the second degree, arguing that the evidence failed to demonstrate that Iman "knowingly caused physical injury to Victim." Iman concedes that Victim's hand was cut with the knife he wielded, that Victim sustained a physical injury, and that he and Victim resided together in the same home. However, Iman argues that his attempt to stab Victim's *neck* could not constitute sufficient evidence that he "knowingly" injured

3

Victim's *hand*.[1]  But, since the natural, probable, and practically certain result of attempting to stab another person in the neck with a knife is that the person would attempt to block that knife attempt with a hand, Iman's appeal lacks merit.

A person commits the offense of domestic assault in the second degree if he "[k]nowingly causes physical injury to such domestic victim by any means." § 565.073.1(1).[2]  Knowingly is defined in section 562.016.3 as:

A person "acts knowingly", or with knowledge:

(1) With respect to his or her conduct or to attendant circumstances when he or she is aware of the nature of his or her conduct or that those circumstances exist; or

(2) With respect to a result of his or her conduct when he or she is aware that his or her conduct is practically certain to cause that result.

---

[1] Iman's argument conflates the distinction between "purposeful" and "knowing" when evaluating a defendant's mental state.

> Perhaps the most significant, and most esoteric, distinction drawn by this analysis is that between the mental states of "purpose" and "knowledge." As we pointed out in *United States v. United States Gypsum Co.*, 438 U.S. 422, 445, 98 S.Ct. 2864, 2877, 57 L.Ed.2d 854 (1978), a person who causes a particular result is to act purposefully if "he consciously desires that result, whatever the likelihood of that result happening from his conduct," while he is said to act knowingly if he is aware "that that result is practically certain to follow from his conduct, whatever his desire may be as to that result."

*United States v. Bailey*, 444 U.S. 394, 404-05, 100 S.Ct. 624, 631-32, 62 L.Ed.2d 575 (1980).  Here, Iman seems to suggest that it was the State's burden to prove he "purposefully" injured Victim's hand (*i.e.*, that it was his conscious objective to cause that specific result).  But, the relevant mental state for the crime charged is not "purposeful"; rather, the applicable mental state is "knowing."  As we explain in our ruling, this is a distinction with a difference.

[2] All statutory references are to the REVISED STATUTES OF MISSOURI 2016, as supplemented.

"Intent, as an element of assault, is generally not susceptible of direct evidentiary proof and may be established by circumstantial evidence or inferred from surrounding facts. The relevant circumstances to be considered include [the defendant's] conduct before the act, the act itself, and [the defendant's] subsequent conduct." *Morse*, 498 S.W.3d at 471 (citation omitted) (internal quotation marks omitted). When evaluating intent, we presume "that a person intends the natural and probable consequences of his acts." *Id.* (internal quotation marks omitted).

Here, the evidence favorable to the State established that Iman initiated a conflict with Victim that escalated from a verbal assault to a physical assault upon Victim. It is undisputed that Iman lunged at Victim's neck with a knife and that Victim instinctively blocked the intended target (his neck) with his right hand and, as a result, Victim sustained serious injuries to his hand. What Iman describes as mere "accident" is, to the contrary, the "natural and probable consequence of his acts," *id.* (internal quotation marks omitted), and reflects his knowing intent to inflict injury upon Victim.

In *Morse*, the defendant approached his victim with a knife and stabbed him. *Id.* at 470. In rejecting the defendant's argument on appeal that his conduct merely showed "recklessness" and not a "knowing" intent to harm the victim, we stated: "Morse's conduct of approaching [Victim] and stabbing at him with a weapon that is fully capable of inflicting serious injury supports a reasonable inference that he knowingly acted with the intent to inflict such injury." *Id.* at 471. *See also State v. Hibler*, 422 S.W.3d 407, 410 (Mo. App. E.D. 2013) (finding that a defendant "knowingly" shot a house where

5

defendant argued that he only intended to shoot a fleeing man running in front of that house because of the obvious and high likelihood that such a result would occur).

Similarly, here, Iman's conduct of approaching Victim with a knife that is fully capable of inflicting serious injury supports a reasonable inference that he knowingly acted with the intent to inflict such injury. That Iman was not able to inflict more serious and possibly fatal injuries to Victim's *neck* because Victim instinctively blocked Iman's knife thrust with his *hand* does not alter Iman's "knowing" intent to inflict injury upon Victim—injuries that were practically certain to occur as a consequence of his acts.

Iman's point on appeal is denied.

## Conclusion

The trial court's judgment of conviction is affirmed.

/s/ *Mark D. Pfeiffer*

_____

Mark D. Pfeiffer, Judge

Gary D. Witt, Chief Judge, and Thomas N. Chapman, Judge, concur.